**In the Matter of the Honorable Raymond L. KERN, Judge of Lawrence Superior Court I.**

Nos. 47S00–0105–JD–226, 47S00–0206–JD–333.

Supreme Court of Indiana.

Sept. 9, 2002.

Kevin P. McGoff, Indianapolis, IN, Attorney for Respondent Hon. Raymond L. Kern.

Meg W. Babcock, Donald R. Lundberg, Indianapolis, IN, Attorneys for The Commission on Judicial Qualifications.

## JUDICIAL DISCIPLINARY ACTION

In this order, we consolidate and finalize two separate judicial disciplinary actions brought by the Indiana Commission on Judicial Qualifications ("Commission") against the Respondent herein, Raymond L. Kern. At all times relevant to these proceedings, Respondent was the elected Judge of Lawrence Superior Court I. Article 7, Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over these matters.

The first set of charges brought by the Commission alleged that Respondent engaged in improper *ex parte* communications with a litigant in his court. Respondent denied the allegations. We appointed three trial judges to serve as special masters. The masters' job is to hear evidence and to prepare a report to the Court of their factual findings and conclusions. *See* Ind. Admission and Discipline Rules 25(VIII)(I), (K), and (N).

A trial was conducted. The masters prepared a thorough report. In sum, the masters found that the following occurred.

 A mother had custody of her child. The mother was separated from her husband and a dissolution proceeding was pending. The husband was not the child's biological father but he apparently wanted to maintain a relationship with the child. The husband appeared one afternoon at the child's kindergarten class and attempted to remove the child from the school. The principal of the school contacted mother by telephone. Based on the mother's

claim of custody, the principal refused to release the child to the husband.

The husband then went to Respondent's court where court staff helped him prepare an affidavit. The affidavit made various claims, some of which were later found to be false. Even with the false statements, the affidavit did not allege specific facts showing that immediate and irreparable injury would result if an order was not issued before mother could be heard, as required under these circumstances by Indiana Trial Rule 65(B)(1). Respondent nevertheless immediately prepared and issued an order granting custody to the husband. The husband returned to the school and, armed with Respondent's order, took the child home with him that same day. Neither the husband nor Respondent contacted the mother about the proceeding that took place in the court.

However, alerted to the potential problem by the call from the principal, the child's mother immediately telephoned her attorney. The attorney called the court and spoke to court staff and to Respondent the same afternoon the custody order was issued. The attorney asked Respondent to take no action until the mother could be heard. Respondent did not inform the attorney that he had already issued the custody order. Instead, later that day, Respondent faxed a copy of the affidavit and the custody order to the attorney. The attorney filed a motion to vacate the order and set the matter for expedited hearing. Respondent did not rescind the custody order that had been issued on an *ex parte* basis, and did not set the matter for a hearing for another twenty days. Following that hearing, Respondent ordered custody returned to the mother.

▮ The masters found Respondent's conduct violated Canon 3B(8) of the Code of Judicial Conduct, which generally prohibits a judge from permitting or considering *ex parte* communications concerning a pending proceeding except in limited circumstances not present in this case. They recommended that Respondent be suspended from office for a period not to exceed fifteen days. Three aggravating circumstances were cited by the masters. First, Respondent made false statements during the course of the trial. Second, Respondent had been previously warned by the Commission about improper *ex parte* contact, and was in fact the judge whose conduct was the subject of *In re Anonymous*, 729 N.E.2d 566 (Ind.2000). Third, Respondent showed no remorse and testified at the trial that he still believed he had done the right thing.

Once the masters' report was filed, the matter was submitted to the Court for consideration. Respondent objected to the findings of the masters. The Commission recommended that Respondent be removed from office for his conduct.

We review the findings of the masters *de novo* and reach our own conclusions about whether misconduct has occurred and, if so, what sanction is appropriate. *See* Adm. Disc. R. 25(VIII)(P)(3). However, because the Commission had recommended removal, we suspended Respondent from office until further order of the Court. *See* Adm. Disc. R. 25(V)(B) ("A judicial officer shall be suspended with pay while there is pending before the Supreme Court a recommendation for the retirement or removal of the judicial officer.").

While the initial proceeding was pending before us for review, the Commission filed a second set of charges against Respondent. In this new charging complaint, the Commission alleged that: (1) Respondent had issued misleading orders and made misleading statements in an unsuccessful attempt to obtain payment from Lawrence County for the legal expenses he incurred in defending himself in the initial action; (2) Respondent submitted mileage claims

to Lawrence County on behalf of employees whose mileage expenses had already been paid by the Commission; (3) Respondent continued to preside over cases involving his own creditors, even as he and his personal lawyers were negotiating with those same creditors in the course of his bankruptcy proceeding; and that (4) Respondent made a false statement to the Commission about the status of his finances.

Shortly after Respondent filed his answer to the second set of charges, the parties tendered a "Conditional Agreement To Resolution Of Charges." Under the terms of the agreement, Respondent acknowledged misconduct in the initial proceeding and agreed to resign as Judge of Lawrence Superior Court I effective nine days from the date the agreement was tendered. Respondent agreed not to either seek or accept any future judicial office or to serve in any judicial capacity in Indiana. The Court accepted the agreement, rendering moot the adjudication of the second set of charges.

Respondent resigned and we now issue this order for publication to document the circumstances of that resignation. This resolution of the proceedings constitutes professional discipline which must be reported to the appropriate authority should Respondent seek admission as a lawyer in another jurisdiction. The two proceedings involving Respondent are at end. The costs of the proceedings are assessed against Respondent.

All Justices concur.