Judith C. LOMBARDI, Appellant–Petitioner,

v.

Robert R. VAN DEUSEN, Appellee–Respondent.

No. 10A01–0910–CV–491.

Court of Appeals of Indiana.

Nov. 22, 2010.

D. Tysen Smith II, Dolt Thompson Shepherd Kinney Wilt PSC, Louisville, KY, Attorney for Appellant.

Stanley E. Robison, Jr., New Albany, IN, Attorney for Appellee Van Deusen.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for State of Indiana.

## OPINION

BAKER, Chief Judge.

Mother and Father divorced, and Father moved to Illinois. Mother registered the child support order in Illinois, and she and Father subsequently consented to transfer jurisdiction of the child support issue to Illinois. The Illinois trial court modified Father's child support obligation. Years later, he asked that the Clark County, Indiana trial court reassume jurisdiction. The trial court did so. It found that the Illinois proceedings were a nullity because jurisdiction was never properly transferred and retroactively modified Father's support obligation to its original amount. The magistrate hearing the case also held a thirty-six-minute ex parte conference with Father's attorney and the prosecutor, explicitly barring Mother, who was pro se, from attending. We find the trial court's legal conclusions erroneous and the ex parte proceedings extremely troubling. Therefore, we reverse and remand with instructions that this matter be assigned to a different judicial officer.

Appellant-petitioner Judith Lombardi (Mother) appeals the trial court's order finding the Illinois proceedings to be void and reinstating appellee-respondent Robert R. Van Deusen's (Father) original support obligation of $45 per week retroactive to the original order. Finding that the Illinois trial court had jurisdiction when it modified the order and that jurisdiction has never been reestablished in Indiana, we reverse and remand for further proceedings. We also hereby order that a new judicial officer be assigned to this matter.

## FACTS

### Divorce and Original Child Support Order

Mother and Father were married until Mother filed a petition to dissolve the marriage in Clark County, Indiana. On February 4, 1999, a decree of dissolution of marriage was entered. Mother was granted full custody over the parties' minor child and Father was ordered to pay child support in the amount of $45 per week. At all relevant times herein, Mother and child have resided in Clark County.

### Transfer to Illinois

At some point following the divorce, Father moved to Williamson County, Illinois. On October 20, 2000, a Child Support Enforcement Transmittal (UIFSA Transmittal) was filed with the trial court herein, and the UIFSA Transmittal was then sent to Williamson County to facilitate enforcement of the child support order.

In August 2001, Father voluntarily increased his child support payments to $83.08 per week. On November 30, 2001, Mother filed a petition to modify the child support order in Williamson County. At some point, Father relocated to DuPage County, Illinois, and the case was transferred to the DuPage Circuit Court on March 11, 2002, pursuant to an agreed order signed by both parties. On August 8, 2002, the DuPage County trial court entered an order modifying the child support order to comply with the parties' then current arrangement, requiring Father to pay $83.08 per week.

On October 8, 2002, the parties filed an agreed order (Agreed Order) with the Clark Superior Court:

> ... It is hereby ordered and agreed by the parties as follows:

> That this cause be and is hereby transferred from the State of Indiana to the State of Illinois, DuPage County, for enforcement and modification of child support for the parties' minor child, and the State of Illinois shall have continuing, exclusive jurisdiction with respect to same.

Appellant's App. p. 62. On November 13, 2002, the Clark Superior Court signed and entered the Agreed Order.

On February 24, 2003, following a hearing, the DuPage Circuit Court modified Father's child support obligation. The order, prepared by Father's counsel and agreed to by both parties, states that Father's child support obligation was $1,000 per month and establishes an arrearage of $5000, to be paid in monthly installments of $50 for 100 months. For approximately one year, Father abided by the order and fulfilled his child support obligation. At no time did he object to the DuPage Circuit Court's subject matter jurisdiction.

### Return to Indiana

On March 22, 2004, Father filed a motion with the trial court herein requesting that it "reassume" jurisdiction. His motion, however, only appeared to raise issues of parenting time. Mother objected to the extent that Father was requesting the trial court to assume jurisdiction over child support matters.[1] Father responded, clarifying that he was asking that the trial court "reassume" jurisdiction over *both* parenting and child support matters, and Mother reasserted her original objection regarding child support.

On April 23, 2004, without conducting a hearing, the Clark County trial court made an entry in the CCS indicating that "[s]ince both parties wish jurisdiction to remain with this court, this Court reas-

---

1. Mother acknowledged, and has never disputed, that the trial court herein has always retained jurisdiction over visitation and custody matters.

sumes jurisdiction of this case. . . ." *Id.* at 3. Three days later, on April 26, 2004, Mother filed another objection, emphasizing that jurisdiction for support modification had been transferred to Illinois and objecting to any attempt to transfer it back to Indiana. The trial court evidently did not rule on this objection.

On October 19, 2004, Father filed a renewed petition to modify his child support obligation, arguing that Illinois "no longer" had jurisdiction to do so because he had moved to Pennsylvania. *Id.* at 92–93. Mother again objected, arguing that Illinois had jurisdiction to modify pursuant to UIFSA. The trial court took no action on this renewed petition for *five years*. During those years, the parties conducted discovery. Mother received no child support payments from Father throughout nearly all of those five years.

On June 8, 2009, Father filed a motion to establish his child support obligation, clarify his arrearage, and set his parenting time. In support of the motion, Father argued for the first time that the DuPage trial court had not had subject matter jurisdiction over the case and that the order modifying his support obligation was void.

### The Hearing

On July 10, 2009, the Clark County trial court conducted a hearing on Father's March 22, 2004, motion to reassume jurisdiction, his motion to set his support obligation, and Mother's objections thereto. The hearing was attended by Mother, who appeared pro se, Father's counsel, and Andrew Steele, a Clark County deputy prosecutor in the child support division. Father did not attend and has never submitted any sworn affidavit or other verified evidence in any pleading filed with the trial court.

Just before calling Mother's case, the trial court held a thirty-six minute conference in its chambers. Father's attorney and Steele—who supported Father's argument that Illinois had never had jurisdiction over the case—attended. Mother asked to attend but was not permitted to do so. During this conference, evidence was presented that was referred to at the subsequent hearing but was never actually introduced into evidence during the hearing.

During the hearing itself, the Clark County trial court questioned Mother, refused to permit her to present uninterrupted argument, and cut the hearing short at the request of Father's counsel, who had a conflict and had to leave. The entire hearing lasted forty-seven minutes—only eleven minutes longer than the conference that preceded it. No witnesses testified and no evidence was presented during the hearing.

On July 17, 2009, the trial court entered an order granting Father's motions, finding that jurisdiction had never been properly transferred to Illinois, that the original child support order controls, and that Clark County had always retained jurisdiction over the parties' child support arrangement. Among other things, the trial court relied on the following conclusions:

- "[T]here is no indication that a proper Petition to Transfer Jurisdiction was filed by [Mother] in Clark County Superior Court No. 2."

- "The Court notes from [Mother's] testimony today that she and the minor have always resided in Clark County, Indiana. At no time during the enforcement of this support order did the Petitioner nor [sic] minor child reside in DuPage County, Illinois."

- "[T]he State of Indiana, as assignee of [Mother's] support rights and a necessary party to the litigation due to the fact that [Mother] had received public

assistance was not properly noticed [sic] nor given any opportunity to appear and present its evidence regarding any State-owed arrears."

- Mother "retained private counsel in the State of Illinois whose signature appears on the Agreed Order.... There is no evidence from the record or the parties' testimony that the Illinois attorney ... was properly admitted in Indiana and qualified to enter an order binding [Father]."

- "[T]he title of the Agreed Order to Transfer Venue actually purports to transfer continuing, exclusive jurisdiction of the entire cause rather than venue."

- "There is no indication from the record that [Father] was properly advised of his rights pursuant to Indiana law regarding his support obligation. Therefore, this Court cannot conclude that [Father] knowingly, freely and voluntarily agreed to transfer continuing, exclusive jurisdiction of this cause to DuPage County...."

*Id.* at 169–70. The trial court found that Father's child support obligation remained the same as ordered in the original child support order—$45 per week.

On April 14, 2010, Mother filed a motion to certify her statement of the evidence and to correct or modify the clerk's record. Specifically, she asked that the clerk's record include the documents that were referred to at the hearing, presumably discussed by the parties at the ex parte prehearing conference, but never actually introduced into evidence. The trial court granted the motion and certified as follows: "(1) an in chambers conference was held on July 10, 2009 ...; (2) Counsel for [Father] and Counsel for Indiana's IV–D Division were permitted in chambers for that conference; and (3) [Mother] asked to participate but was not permitted in cham-

bers for this conference ...." *Id.* at 173. Mother now appeals.

## DISCUSSION AND DECISION

### I. Jurisdiction

■ Father argues, essentially, that the Illinois proceedings are a nullity because jurisdiction was never properly transferred from Indiana to Illinois. Subject matter jurisdiction is an issue of law to which we apply a de novo standard of review. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001). Similarly, a trial court's interpretation of a statute is an issue of law reviewed de novo. *B.P. Amoco Corp. v. Szymanski*, 808 N.E.2d 683, 687 (Ind.Ct.App.2004). More specifically, whether, under UIFSA, a state has continuing exclusive jurisdiction to modify a child support order is a question of law that is reviewed de novo. *Stone v. Davis*, 148 Cal.App.4th 596, 55 Cal.Rptr.3d 833, 835 (2007).

Indiana Code section 31–18–2–5(a) provides as follows:

An Indiana tribunal that issues a support order consistent with Indiana law has continuing, exclusive jurisdiction over a child support order:

(1) if Indiana remains the residence of the:

(A) obligor;

(B) individual obligee; *or*

(C) child for whose benefit the support order is issued; or

(2) until each individual party has filed written consent with the Indiana tribunal for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

(Emphasis added). Our Supreme Court has explained that

subsection (a)(1) (the nonresidency requirement) and subsection (a)(2) (the

consent requirement) are separate and alternative methods by which an Indiana court may maintain its continuing, exclusive jurisdiction over a child support order; and thus do not require *both* the absence of the parties *and* consent before a court loses jurisdiction.

*Basileh v. Alghusain*, 912 N.E.2d 814, 821 (Ind.2009) (emphases original). As an initial matter, therefore, we observe that the Clark County trial court erred by basing its ruling, in part, on the fact that Mother and child have always resided in Clark County. If, as Mother contends, the parties complied with the consent requirement in subsection (a)(2), then her place of residency is irrelevant.

■ Here, it is undisputed that Mother properly registered the child support order in Illinois in 2000 via the UIFSA Transmittal. In November 2001, Mother filed a motion in Illinois to modify Father's child support obligation. The trial court granted the motion in August 2002, and Mother concedes that jurisdiction had not yet vested in Illinois at that time.[2]

To correct the collective oversight, on October 8, 2002, the parties filed an Agreed Order in the Clark Superior Court. The Agreed Order provided that the cause was transferred from Indiana to Illinois "for enforcement and modification of child support for the parties' minor child, and the State of Illinois shall have continuing, exclusive jurisdiction with respect to same." Appellant's App. p. 62. The document was signed by both parties,[3] and the trial court signed and entered the order on November 13, 2002. Notwithstanding the trial court's focus on the document's title—"Agreed Order to Transfer Venue"—it is clear and unambiguous that the document represents the parties' consent to transfer continuing and exclusive jurisdiction of the matter to Illinois.[4] Therefore, pursuant to Indiana Code section 31–18–2–5(a)(2), Indiana no longer had jurisdiction over the child support portion of this matter as of November 2002.

Father contends that the fact that the DuPage County trial court issued an order modifying his child support obligation in 2001, before it had properly assumed jurisdiction, somehow nullifies its later attempt to correct the oversight. In other words, he argues that the sequence of the Illinois proceedings was fatal to any attempt to transfer jurisdiction to that state. We disagree. The DuPage County trial court made a mistake, realized it made a mistake, corrected the mistake with the help of both parties, and issued a new modification order after jurisdiction was properly assumed. Although the first modification

---

**2.** Inasmuch as the August 2002 modification merely memorialized the child support arrangement to which both parties had already agreed, it is likely that the Illinois trial court simply overlooked the fact that although the parties had consented to the new support obligation, they had not yet formally consented to a transfer of jurisdiction.

**3.** For some reason, the trial court herein found it problematic that Mother's Illinois attorney signed the document on her behalf, although she was not licensed to practice in Indiana. We find this to be of no moment whatsoever, inasmuch as counsel was merely signing the document as Mother's agent and need not have been licensed in this State to do so.

**4.** As for the trial court's baffling conclusion that Father did not understand the nature of his legal rights when he signed the Agreed Order, we note, first, that he was represented by counsel at that time. Furthermore, there is *no* evidence in the record whatsoever tending to support such a conclusion. Father did not testify at the hearing and has never provided any verified evidence remotely tending to suggest that he was somehow confused at the time he consented to the transfer of jurisdiction. Regardless, he signed the document and is bound thereby.

order was voidable, the February 2003 modification was proper and the sequence of events does not alter that conclusion.

■ Having determined that Indiana relinquished jurisdiction over child support in November 2002, we must next consider whether the Illinois court properly assumed continuing, exclusive jurisdiction before modifying the child support order. The relevant Illinois statute provides that an Illinois court may modify a child support order issued in another state if, as here, the order was properly registered in Illinois and if,

> after notice and hearing, the tribunal finds that ... a party who is an individual is subject to the personal jurisdiction of the tribunal of this State and all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this State to modify the support order and assume continuing, exclusive jurisdiction.

750 ILCS 22/611(a)(2). We have already found that Mother and Father filed a joint consent in Indiana for Illinois to modify the support order and assume continuing, exclusive jurisdiction.

Father argues, however, that the Du-Page County trial court failed to provide notice and a hearing before assuming jurisdiction and modifying his child support obligation. The record belies this argument. The February 24, 2003, modification order, *drafted by Father's attorney*, explicitly states that a hearing was held, that the court had been fully advised, and that the court had subject matter jurisdiction. Appellant's App. p. 15. Inasmuch as it is plain from the face of the record that there was notice and a hearing and that Mother and Father had both consented, on the record, to a transfer of jurisdiction from Indiana to Illinois, we find that the DuPage County trial court had subject matter jurisdiction when it modified Fa-

ther's child support obligation on February 24, 2003.

Because Father did not appeal or otherwise contest that ruling, the modification stands and may not be retroactively altered. Indeed, Indiana tribunals are statutorily required to recognize and abide by a modification of an earlier Indiana child support order by a tribunal of another state that assumed jurisdiction. In such a situation, the Indiana trial court may only:

(1) Enforce the order that was modified only as to amounts accruing before the modification.

(2) Enforce only nonmodifiable aspects of the order.

(3) Provide other appropriate relief only for a violation of the order that occurred before the effective date of the modification.

(4) Recognize the modifying order of the other state, upon registration, for the purpose of enforcement.

Ind.Code § 31–18–6–12. Inasmuch as we have found that the Illinois court properly assumed jurisdiction of the parties' child support dispute and had subject matter jurisdiction when it modified Father's obligation, the trial court herein was without authority to effect a retroactive modification nullifying the DuPage County trial court's order.

That said, if jurisdiction is properly reestablished in Indiana, then, of course, the trial court would have the authority to issue a *prospective* modification of Father's obligation if it finds a change in circumstances pursuant to Indiana Code section 31–16–8–1. To that end, on March 22, 2004, Father filed a motion in Clark County requesting that the trial court herein reassume jurisdiction. Illinois, however, has continuing and exclusive jurisdiction over this matter until the parties comply with UIFSA requirements. Specifically,

the DuPage County trial court order modifying Father's obligation must be registered in Indiana pursuant to Indiana Code section 31–18–6–2. After the order is registered, the Indiana trial court must provide notice and hold a hearing. If, following notice and a hearing, the trial court finds that the nonresidency or consent requirements have been fulfilled, it may assume continuing, exclusive jurisdiction of the matter. I.C. § 31–18–6–11. Only at that time may the trial court issue a prospective[5] modification of Father's child support obligation if it finds that a modification is warranted under the relevant statutory guidelines.

■ Finally, to the extent that the trial court appears to have relied in part on an alleged lack of notice to the State of the Illinois proceedings for its conclusion that the Illinois court did not have jurisdiction, we first note that Mother was not receiving public assistance at the time the Illinois proceedings began or at the time the DuPage County trial court modified Father's obligation. Indeed, she did not apply for public assistance until 2005, several months *after* Father stopped paying child support. Thus, Mother was not obligated to provide Indiana with notice of a change of jurisdiction to Illinois. Moreover, any obligation Mother had to provide notice to Indiana is wholly irrelevant as to whether Illinois had jurisdiction to modify Father's child support obligation. And finally, the State *did* have notice, inasmuch as the UIFSA Transmittal, which states that it is for enforcement and modification, bears the stamp of the Clark County Prosecutor's Office, Child Support Division. Thus, the trial court erred by reaching this conclusion.

In sum, we find that Indiana properly relinquished—and Illinois properly assumed—continuing, exclusive jurisdiction of the parties' child support arrangements before the Illinois trial court modified Father's obligation. Moreover, jurisdiction has not yet been properly reestablished in Indiana, and even when that occurs, the trial court will have authority only to issue a prospective modification. Therefore, the trial court herein erred by ruling that the Illinois proceedings were a nullity, and we reverse.

## II. Ex Parte Conference

■ Finally, we turn to Mother's argument that her due process rights were violated as a result of the pre-hearing conference that took place in the judge's chambers. Our Supreme Court has explained the general rule prohibiting ex parte communication as follows:

> Black's Law Dictionary defines *ex parte* communications as "a generally prohibited communication between counsel and the court when opposing counsel is not present." *Black's Law Dictionary* 597 (7th ed.1999). As this definition suggests, *ex parte* communications most often become an issue if a judge communicates outside the courtroom without disclosing those communications to everyone involved. These communications are prohibited. *See* Ind. Judicial Conduct Canon 3(B)(8); *see, e.g., In re Kern*, 774 N.E.2d 878, 879 (Ind.2002) (judge participated in improper *ex parte* communications when he communicated with and aided a father in a custody dispute without the knowledge of the mother); *Garrard v. Stone*, 624 N.E.2d 68, 70 (Ind.Ct.App.1993) (even testimony by a family therapist could not cure the error when a trial judge initiated communication with the therapist without informing either party). Due process

---

5. The date on which the modification may take effect is the date on which a motion to modify is first filed *after the trial court has assumed jurisdiction.*

may be denied if the parties are not given the opportunity to hear and comment on all of the evidence considered in their case. *See Majors v. State*, 773 N.E.2d 231, 234 (Ind.2002).

*Worman Enters., Inc. v. Boone Cnty. Solid Waste Mgmt. Dist.*, 805 N.E.2d 369, 374–75 (Ind.2004).

The pre-hearing conference took place in the judge's chambers. Attending the conference were Magistrate Dawkins, Father's attorney, and the deputy prosecutor. Mother, who was pro se, asked to attend but was explicitly prohibited from doing so. The prosecutor was not representing Mother; indeed, the State was taking a position that was explicitly adverse to Mother's interests. It would be difficult to imagine a clearer example of prohibited ex parte communications, but the story does not end there. The conference lasted for thirty-six minutes—just eleven minutes shorter than the hearing itself. Evidence was discussed and documents changed hands that were never formally made part of the record—until *Mother* tracked down the documents herself and requested, after the fact, that they be included.

The State does not dispute the fact that the prosecutor was not representing Mother's interests in the proceeding. Instead, it argues that even if Mother's due process rights were violated, the violation was harmless "because this appeal has cured any deficiencies that occurred in the trial court at the hearing." State's Br. p. 10. Notwithstanding this astonishing argument, we simply note that we agree with Mother that "[b]eing deprived of the procedural due process rights of a meaningful opportunity to be heard *is* the 'prejudice' that a party must show for purposes of the harmless error doctrine." Reply Br. p. 18 (emphasis original). That said, inasmuch as we have already found in Mother's favor on the merits of her appeal, we decline to reverse on this basis.

We hereby order that upon remand, this case be reassigned to a different judicial officer. Moreover, if, as seems likely to happen, jurisdiction of the child support issue is transferred from DuPage County back to Clark County, we order that a judicial officer other than Magistrate Dawkins continue to handle the case.

The judgment of the trial court is reversed and remanded for further proceedings and to be reassigned to a different judicial officer.

RILEY, J., and BAILEY, J., concur.