# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**DEBORAH M. AGARD**
Law Office of Deborah M. Agard
Indianapolis, Indiana

**D. MICHAEL BOWMAN**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**HOLLY J. WANZER**
Wanzer Edwards, PC
Indianapolis, Indiana



**FILED**
Mar 11 2013, 10:04 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| In the Matter of the Support of B.J.R., | ) | |
| | ) | |
| B.J.R., by next friend, R.J.C., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-RS-454 |
| | ) | |
| C.J.R., SR., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable Louis Rosenburg, Judge
The Honorable Marcia Ferree, Commissioner
Cause No. 49C01-1009-RS-431

**March 11, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

R.J.C. ("Mother") appeals the trial court's order modifying the child support paid by C.J.R., Sr. ("Father") for the benefit of B.J.R. ("Child"). Mother raises several issues on appeal that we consolidate and restate as:

I. Whether the trial court had subject matter jurisdiction to modify a Pennsylvania child support order when the initial filing was missing a certified copy of the foreign order but the order was supplied at a later date;

II. Whether the trial court erred in finding the Pennsylvania child support order was properly authenticated;

III. Whether the trial court erred in modifying the child support order retroactive to the date of registration of the Pennsylvania child support order when the registration did not occur at the same time as the request for registration; and

IV. Whether the trial court erred in modifying the child support order because insufficient evidence was presented of the parties' economic circumstances at the time of the original order, Father's rental income was not included in calculation of his income, and Father was given larger parenting time credit to offset travel costs associated with exercising his parenting time.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 10, 2000, a stipulated child support order was entered in Pennsylvania between the parties ("Foreign Order"). At the time of this order, Father resided in Pennsylvania, and Mother and Child resided in Georgia. In the Foreign Order, Father was ordered to pay $1,500.00 per month in child support, $342.00 per month for daycare, and $70.00 per month for health insurance, for a total of $1912.00 per month. Subsequently, when Child no longer needed daycare, the parties agreed to eliminate the

payment for daycare, and Father began paying a reduced amount per month. This modification to the Foreign Order was not made through any court in any state.

On September 14, 2010, Father filed a petition to register the Foreign Order in a Marion County, Indiana Circuit Court, but failed to provide a certified copy of the Foreign Order with the filing. At that time, both Mother and Child lived in Indiana, and Father lived in Georgia but has subsequently moved to Maryland where he now resides. On September 15, 2010, Father filed a petition to modify his child support, which alleged that there had been a significant and substantial change from the issuance of the dissolution decree that rendered Father's child support obligation to be unreasonable. *Appellant's App.* at 26. The petition further alleged that the significant changes were that both parties' economic factors had changed since the issuance of the Foreign Order and there had not been a modification of Father's support obligation since 2000. *Id.* The petition alleged that the work-related daycare costs had ceased, that Father had been laid off from his employer and his severance had been exhausted, that he was current in his child support obligation, and that the modification should be made retroactive to the filing date of petition, September 15, 2010. *Id.* at 27.

On August 30, 2011, Father filed an amended petition to register a foreign decree and attached a copy of the Foreign Order. Father filed an amended motion to modify his child support on December 20, 2011. On January 17, 2012, the trial court issued an order ruling on several motions to dismiss and strike filed by Mother and on Father's petitions to register the foreign decree. In the order, the trial court found that Father's August 30, 2011 amended petition to register asserted no additional issues, claims, or defenses, and

3

therefore, the trial court would not treat the petition as "an [a]mended [p]etition, *per se*, under [Trial] Rule 15." *Id*. at 11. The trial court ruled that, before August 30, 2011, the Foreign Order could not have been registered because a copy of the order had not been submitted to the court. *Id*. The trial court, however, did register the Foreign Order as of August 30, 2011. The trial court further stated that a minute entry from August 30, 2011 was entered in error because the trial court had mistakenly believed that no petition for modification had been filed at that time; however the petition for modification had been filed on September 15, 2010.

On February 10, 2012, a hearing was held on Father's modification request. At the hearing, Father testified that there had been substantial changes in his life since 2000, when the original support order was issued. *Tr*. at 21. At the time of the Foreign Order, Father had been working for an apartment investment management company, but was subsequently laid off and received a severance. He was unemployed and looking for a job for about two years. At the time of the hearing, Father was working for Resource Residential making $2,500.00 per week. He had begun working for that employer in February 2011. Father testified that he was paying the travel costs associated with exercising his parenting time. *Id*. at 28. Father requested that the modification be made retroactive to August 30, 2011 because there had been delays in the case for which he was not responsible; the initial filing for modification had been September 15, 2010, and he had continued to pay the higher child support amount since then and had incurred attorney fees and travel expenses associated with the case. *Id*. at 28-30. Between August 30, 2011 and the hearing date, Father paid $1,570.00 per month in child support, and he

4

asked the trial court to establish an overpayment of $4,014.00 as of February 1, 2012. *Id.* at 32, 41.

On May 10, 2012, the trial court issued its order finding that it had subject matter jurisdiction over the case and denied Mother's motion to dismiss for lack of subject matter jurisdiction. *Appellant's App.* at 16. The trial court further granted Father's motion to modify child support and decreased Father's weekly obligation to $214.00 retroactive to August 30, 2011. *Id.* at 18. Mother now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I.      Subject Matter Jurisdiction

Subject matter jurisdiction is an issue of law to which we apply a de novo standard of review. *Jackson v. Holiness*, 961 N.E.2d 48, 50 (Ind. Ct. App. 2012) (citing *Lombardi v. Van Deusen*, 938 N.E.2d 219, 223 (Ind. Ct. App. 2010)). Likewise, a trial court's interpretation of a statute is an issue of law reviewed de novo. *Id.* Subject matter jurisdiction is the power of a tribunal to hear and to determine a general class of cases to which the proceedings before it belong. *Id.* (citing *Georgetown Bd. of Zoning Appeals v. Keele,* 743 N.E.2d 301, 303 (Ind. Ct. App. 2001)). A tribunal receives subject matter jurisdiction over a class of cases only from the constitution or from statutes. *Id.*

Mother argues that the trial court erred in modifying Father's child support obligation because it did not have subject matter jurisdiction to modify the Foreign Order. She contends that Father failed to comply with the statutory requirements for registering a foreign order in Indiana and that no amended petition for modification of child support

5

was filed with the amended request for registration. Mother asserts that Father's initial petition to register the foreign decree, which did not include a certified copy of the Foreign Order, was a nullity, and therefore, the September 15, 2010 motion for modification was also a nullity because it predated the August 30, 2011 amended petition to register, which did include the Foreign Order. She further alleges it was error for the trial court to rely on the modification petition filed before the amended registration petition because Father was required to file his modification request at the same time or after he filed the amended registration petition.

Indiana Code section 31-18-6-9 states that a party seeking to modify a child support order issued in another state is required to register the order in Indiana. Indiana Code section 31-18-6-11 permits an Indiana trial court to modify a registered foreign child support order if, after notice and hearing, the court finds that none of the parties live in the state that issued the foreign order, the petitioner is not an Indiana resident, and the respondent is subject to the personal jurisdiction of the Indiana court; additionally, the parties can file written consent to jurisdiction in Indiana. Here, Mother does not dispute that Child and Mother, the respondent, lived in Indiana and that Mother was subject to Indiana's personal jurisdiction. There is also no dispute that Father was a resident of Maryland. Her only dispute is that the Foreign Order was never properly registered in the trial court such that the trial court had subject matter jurisdiction to modify it.

Indiana Code section 31-18-6-2 provides the following procedure to register a foreign order for enforcement in an Indiana court:

(a)     A support order or an income withholding order of another state may be registered in Indiana by sending the following documents and information to the appropriate tribunal in Indiana:
  (1)   A letter of transmittal to the tribunal requesting registration and enforcement.
  (2)   Two (2) copies, including one (1) certified copy, of each order that is required to be registered, including any modification of an order.
  (3)   A sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage.
  (4)   The name of the obligor and, if known:
    (A)   the obligor's address and Social Security number;
    (B)   the name and address of the obligor's employer and any other source of income of the obligor; and
    (C)   a description and the location of property of the obligor in Indiana not exempt from execution.
  (5)   The name and address of the obligee and, if applicable, the agency or person to whom support payments must be remitted.
(b)     On receipt of a request for registration, the registering tribunal shall cause the order to be filed as a foreign judgment, together with one (1) copy of the documents and information, regardless of form.
(c)     A petition seeking a remedy that must be affirmatively sought under other Indiana law may be filed at the same time as the request for registration or later. The petition must specify the grounds for the remedy sought.

Mother asserts several errors existed in Father's petition to register the Foreign Order, which prevented the trial court from registering it. She first relies on the fact that Father's request to register the Foreign Order did not identify Father's employer, employer's address, and Father's sources of income. Indiana Code section 31-18-6-2(a)(4) provides that the request for registration should include the name of the obligor and, *if known*, the obligor's employer and sources of income along with other information. The statute therefore contemplates that certain information may be unknown or missing from the request and the lack of such information should not cause

7

the failure of such a request for registration of a foreign decree. Further, at the time Father filed his request, he was unemployed and had no employer information to supply. Mother also fails to cite to any authority that specifically states that the absence of employer information in the request for registration deprives the trial court of subject matter jurisdiction.

Mother next takes issue with a statement in Father's request that: "Mother and minor child are residents of Tippecanoe County and Tippecanoe County is the Court of proper jurisdiction to hear this matter." *Appellant's App*. at 24. There is no dispute that Mother and Child were residents of Marion County, Indiana at the time of the filing of Father's request. Under Indiana Code section 31-18-6-2(a)(5), a request to register a foreign decree should include the "name and address of the obligor and, if applicable, the agency or person to whom such payments must be remitted." In paragraph 4 of Father's petition to register, he included the address where Mother and Child resided and a statement that they were residents of Marion County. *Id*. at 23. Although Father included an erroneous statement as to venue in one paragraph of his petition, he did include the accurate information required under the statute. His erroneous statement therefore appears to be merely a scrivener's error and was superfluous to his request as there is no requirement for venue information under Indiana Code section 31-18-6-2. Additionally, despite this scrivener's error, Father filed his request in Marion County, Indiana, which was the proper venue.

Mother next points to the fact that the Foreign Order, although referred to as Exhibit A in paragraph 1 of Father's petition to register, was not attached to the petition

8

when it was filed on September 14, 2010. Under the statute, a party requesting registration is required to provide two copies of the foreign order to be registered, with one being a certified copy. Ind. Code § 31-18-6-2(a)(2). Because Father's petition to register a foreign decree did not have the required copies of the foreign order attached, the trial court did not immediately register the Foreign Order, and no action was taken on Father's petition. On August 23, 2011, Mother filed a motion to dismiss Father's petition to register on the basis that the Foreign Order was not attached to Father's petition. On August 30, 2011, Father filed an amended petition to register a foreign decree and attached the missing documents. Although framed as an amended petition to register, the trial court did not treat it as an amended petition under Indiana Trial rule 15(A), which only allows amendment of pleadings with leave of the trial court or consent of the adverse party. As the trial court noted, Father did not include any new issues, claims, or defenses in his August 30, 2011 filing; it was merely filed to cure the defect of his original filing by providing the Foreign Order. We agree with the trial court that Father's filing of August 30, 2011 was not an amendment of a previous filing under the purview of Trial Rule 15(A), and therefore did not have to meet the requirements of that rule.

Mother lastly takes issue with the trial court's failure to send three copies of the registration petition to the Pennsylvania court in accordance with Indiana Code section 31-18-3-4(a)(1). Mother cites to no authority to support this contention that a trial court that fails to send these copies is unable to exercise subject matter jurisdiction. Further, it does not appear that Mother objected to the trial court's failure to send these documents to the Pennsylvania court. Therefore, she has waived this issue on appeal because

9

generally a party is precluded from presenting an argument or issue on appeal unless the party first raised that argument or issue to the trial court. *Thalheimer v. Halum*, 973 N.E.2d 1145, 1150 (Ind. Ct. App. 2012). We conclude that the trial court did not err when it found that it had subject matter jurisdiction over the matter because the Foreign Order was properly registered as of August 30, 2011.

## II. Authentication of Foreign Order

The determination whether evidence has been authenticated is within the discretion of the trial court. *Rice ex rel. Lopez v. Harper*, 892 N.E.2d 209, 213 (Ind. Ct. App. 2008), *trans. denied*. We will reverse the trial court's ruling only for an abuse of discretion. *Id.* An abuse of discretion occurs when the decision is clearly erroneous and against the logic and effect of the facts and circumstances before the court. *Id.*

Mother argues that the trial court abused its discretion when it found that the Foreign Order was properly authenticated. She contends that this was done in error because the Foreign Order consists of two documents, the order and the stipulation, and that these two documents bore different case numbers, the stipulation was not certified, and the two documents had been altered by an unknown person without authentication of the hand-written changes made. Mother asserts that a trial court cannot give full faith and credit to an order, that on its face, differs from the underlying stipulation it purports to enter into record.

"Full faith and credit commands deference to the judgments of foreign courts, and 'the judgment of a sister state, regular and complete upon its face, is prima facie valid.'"

10

*Harry Kaufmann Motorcars, Inc. v. Schumaker Performance, Inc*., 964 N.E.2d 872, 875 (Ind. Ct. App. 2012) (quoting *Gardner v. Pierce*, 838 N.E.2d 546, 550 (Ind. Ct. App. 2005), *reh'g denied*, *trans. denied*. A party attacking the judgment of a sister state has the burden of rebutting this presumption of validity and of showing that the sister state lacked jurisdiction. *Id*. Mother asserts that a foreign document must meet the requirements of Indiana Code section 34-39-4-3 in order to be authenticated and admitted into evidence. In *Mays v. State*, 467 N.E.2d 1189 (Ind. 1984), our Supreme Court, in determining whether an order of conviction and sentencing from another state was authenticated and could be admitted into evidence, stated that Indiana Trial Rule 44 provides a method alternative to Indiana Code section 34-39-4-3. *Id*. at 1195. Indiana Trial Rule 44 states that the rules concerning proof of official records are governed by the Rules of Evidence.

Under the Indiana Rules of Evidence, the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Ind. Evidence Rule 901(a). A domestic official record is self-authenticating with no requirement of extrinsic evidence provided that it is "attested by the officer having the legal custody of the record, or by his deputy." Evid. R. 902(1). In *Kidd v. State*, 738 N.E.2d 1039 (Ind. 2000), our Supreme Court noted that the certification of a public officer from the specific jurisdiction where the record is kept is sufficient to authenticate the record, and there is no mandate that the certification take a particular form. *Id*. at 1043.

11

Here, the Foreign Order was certified by the Deputy Prothonotary of Bucks County, Pennsylvania ("Deputy"). *Appellant's App*. at 49. The Deputy used a stamp and a handwritten notation along with her signature to certify the Foreign Order. *Id*. The handwritten notation refers to the "Child Support & Stip[.] of Order" as what is being certified. *Id*. The language of the order specifically incorporated the "Stipulation for Agreed Order of Child Support," which was attached to the order. *Id*. The Foreign Order was a multi-page document, and there was a handwritten alteration to the cause number on the first page and not the second page. The trial court reviewed the two parts of the Foreign Order and found that, based on the fact that the cause numbers were identical prior to the handwritten change, the names of the parties on both parts of document were identical, and the attached "Stipulation for Agreed Order of Child Support" was specifically incorporated in to the "Order for Child Support," the handwritten change did not affect the authenticity of the Foreign Order. *Id*. at 16. We conclude that the trial court was within its discretion to find the Foreign Order authenticated based upon the certification by the Deputy.

### III.    Modification Date

Decisions regarding child support rest within the sound discretion of the trial court. *Haley v. Haley*, 771 N.E.2d 743, 752 (Ind. Ct. App. 2002). It is within a trial court's discretion to make a modification of child support relate back to the date the petition to modify is filed, or any date thereafter. *Quinn v. Threlkel*, 858 N.E.2d 665, 674 (Ind. Ct. App. 2006) (citing *Carter v. Dayhuff*, 829 N.E.2d 560, 568 (Ind. Ct. App.

12

2005)). We will reverse a decision regarding retroactivity only for an abuse of discretion or if the trial court's determination is contrary to law. *Id.*

Mother contends that the trial court abused its discretion when it modified Father's child support order retroactive to August 30, 2011. She argues that this date was before the filing of Father's amended support modification petition because the original filing of the petition to modify was rendered a nullity due to defects in the registration in the Foreign Order. Because the modification of a support obligation can only relate back to the date the petition to modify was filed, and not an earlier date, Mother asserts that the trial court erred in its order.

Indiana Code section 31-18-6-9, which governs the registration of a foreign child support order for purposes of modification, requires the party seeking modification to register that foreign order in Indiana. Ind. Code § 31-18-6-9(a). It goes on to state, that a "petition for modification may be filed at the same time as a request for registration or later." Ind. Code § 31-18-6-9(b). After the foreign support order has been registered in Indiana, the Indiana court may modify the order. Ind. Code § 31-18-6-11(a).

In the present case, Father filed his request to register the Foreign Order on September 14, 2010. He then filed a petition to modify the support order on September 15, 2010. As previously discussed, Father's request to register the Foreign Order did not include a certified copy of the Foreign Order, which prevented the trial court from registering the order as of the date of the request. Father cured this defect on August 30, 2011, and the trial court registered the Foreign Order as of that date. In its registration order, the trial court clearly stated that it did not consider Father's amended petitions to

13

register the Foreign Order to be amended pleadings under Trial Rule 15(A) because the "amended" petitions raised no new issues, claims, or defenses. *Appellant's App*. at 11. Although they were entitled "amended" petitions, they merely served to correct defects in the already-filed request for registration, which had been filed on September 14, 2010.

The trial court could not register the Foreign Order until it had the appropriate documents required under Indiana Code section 31-18-6-2. Father's request to register the Foreign Order remained pending until the required documents were provided to the trial court. Once Father filed the documentation on August 30, 2011, the trial court properly registered the Foreign Order as of that date. Although Indiana Code section 31-18-6-11 does not allow a trial court to modify the child support order in the foreign order until the foreign order has been registered, the language of Indiana Code section 31-18-6-9 requires only that a *request* for registration be filed – not the completed registration be accomplished – before the petition to modify may be filed.[1] Because Father filed his petition for modification of child support one day after he filed his petition to register the Foreign Order, he complied with Indiana Code section 31-18-6-9. The trial court correctly modified Father's child support obligation as of the date of registration of the Foreign Order pursuant to Indiana Code section 31-18-6-11, which permits modification after the foreign order has been registered in the trial court. We conclude that the trial

---

[1] The statute also allows for the petition to modify to be filed at the same time as the petition to register the foreign order.

14

court did not abuse its discretion when it ordered the child support modification retroactive to August 30, 2011.[2]

## IV.  Sufficient Evidence to Modify Child Support

There is a strong emphasis placed on trial court discretion in determining child support obligations in Indiana.  *Carpenter v. Carpenter*, 891 N.E.2d 587, 592 (Ind. Ct. App. 2008).  We will not reverse a trial court's decision regarding the modification of a child support order unless it is clearly erroneous.  *Id.*  On appeal, we do not reweigh evidence or judge witness credibility.  *Id.*  We will consider only the evidence and reasonable inferences from that evidence favorable to the judgment.  *Id.*

We also note that in this case, the trial court *sua sponte* entered findings and conclusions.  Our standard of review, therefore, is two-tiered:  we will determine whether evidence supports the findings and then whether the findings support the judgment.  *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind. Ct. App. 2005).  We "shall not set aside the findings or judgment unless clearly erroneous."  Ind. Trial Rule 52(A).  We will conclude a finding is clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made.  *Carpenter*, 891 N.E.2d at 592.  We will conclude the trial court's judgment is clearly erroneous only if (i) its findings of fact do not support its

---

[2] We note that the trial court made an inadvertent misstatement in the CCS, which caused some confusion in the proceedings.  On August 30, 2011, the trial court made a minute entry into the record that stated Father had not yet filed a petition to modify child support and needed to do so before the trial court could consider the matter of modification.  *Appellant's App.* at 53.  The trial court later realized its mistake and corrected it in the order registering the Foreign Order when it stated, "the second court minute entry of 8/30/11 was entered in error.  In making the entry, the court was under the belief that a Motion to Modify Child Support had not been filed when it fact, the record shows that [F]ather filed his [petition to modify] on September 15, 2010."  *Id.* at 12.  The trial court's mistake prompted Father to file another petition to modify, which was unnecessary, and did not change the previous, proper filing of the already pending September 15, 2010 petition to modify.

15

conclusions of law or (ii) its conclusions of law do not support its judgment. *Id.* "Although we defer to a trial court's ability to find the facts, 'we do not defer to conclusions of law, and a judgment is clearly erroneous if it relies on an incorrect legal standard.'" *Id.* (quoting *Dedek v. Dedek*, 851 N.E.2d 1048, 1050 (Ind. Ct. App. 2006)).

Mother argues that the trial court erred in modifying Father's child support obligation. She specifically contends the modification was done in error because Father failed to present evidence of the parties' economic circumstances at the time of the original order and therefore failed to show a change in the parties' circumstances that caused the original support order to be unreasonable as required by the statute. Mother further asserts that the modification was not proper because Father failed to report income he received from the lease of a home he owned. She also takes issue with the trial court's grant of credit against Father's child support obligation for 63 overnights when he only spent 21 overnights with Child in 2009 and 2010.

Under Indiana Code section 31-16-8-1, a child support order may be modified upon a showing of either: (1) changed circumstances so substantial and continuing as to make the terms unreasonable; or (2) that a party has been ordered to pay an amount in child support that differs by more than twenty percent from the amount that would be ordered by applying the child support guidelines and the original order was issued at least twelve months prior to the filing of the petition to modify. Ind. Code § 31-16-8-1(b). The party seeking modification of the child support order must only meet one of these tests. *Id.*

16

Here, the trial court found that Father had satisfied both tests under Indiana Code section 31-16-8-1(b). Specifically, the trial court found that, under the Foreign Order, Father had been ordered to pay $342.00 as his contribution toward daycare and that Mother no longer incurs daycare costs for Child, which it concluded was a substantial change in circumstances making the Foreign Order unreasonable. *Appellant's App.* at 18. The trial court also found that, under the Foreign Order, Father had been ordered to pay child support equaling $441.23 per week and that pursuant to the child support obligation work sheet, using Father's new income, his weekly support obligation should be $214.00, which differed by more than twenty percent from the previous order. *Id.* at 16, 18.

The evidence presented at trial showed that, since the entry of the Foreign Order, many changes had occurred in the parties' situations. Father had moved several times to different states, and at the time of the trial, he and Child no longer lived in the same state, which required Father to expend significant travel costs to exercise parenting time. *Tr.* at 28. Father had also been laid off from the job where he was employed for twenty years and where he was working when the Foreign Order was entered and had found new employment, after being unemployed for two years, where he made a lower salary than at his former employment. *Id.* at 22, 24. Child had also grown old enough, in the twelve years since the Foreign Order was entered, that Child no longer required daycare, the cost of which was a component of the Foreign Order. *Id.* at 19.

This evidence was sufficient to establish changed circumstances so substantial and continuing as to make the terms unreasonable. In its order modifying child support, the trial court focused on the elimination of daycare expenses as a substantial change.

17

Mother contends that, since she and Father had previously informally agreed that Father would pay a lower amount of child support due to the end of the daycare expenses, the elimination of the childcare costs alone cannot be considered a substantial change. We disagree. Under Indiana Code section 31-16-8-1, there need only be a substantial change in circumstances as to make the *original order* unreasonable. The Foreign Order included an obligation for daycare expenses, and the parties did not have a court change the order to reflect a new support obligation when child care expenses were no longer necessary. Informal agreements between parents are generally not effective until a motion for modification is filed. *Whited v. Whited*, 859 N.E.2d 657, 661 (Ind. 2007). Therefore, Father's present petition to modify is the first opportunity a trial court has had to review the elimination of daycare expenses as a changed circumstance.

Father also presented evidence at trial that his support obligation under the Foreign Order, which was entered in 2000 and over one year before the petition to modify, was $1,912.00 per month, or $441.23 per week. *Appellant's App.* at 50; *Tr.* at 14. Father testified that he had been laid off from the job where he was employed at the time of the Foreign Order and that he had started new employment, where he made $2,500.00 per week. *Tr.* at 22, 24. Using this amount for Father's income on the child support obligation worksheet, the trial court calculated Father's new support obligation to be $214.00 per week, which differs by more than twenty percent from the amount ordered in the Foreign Order. We therefore conclude that sufficient evidence was presented to support the trial court's finding that Father's "current support obligation differed by more

18

than [twenty percent] from the previous order entered more than one year ago." *Appellant's App.* at 18.

Mother takes issue with the amount of parenting time credit that Father was given in the calculation of his support obligation. Father requested and was granted a parenting time credit of 63 overnights. *Appellant's App.* at 17. Father testified that he actually planned to exercise parenting time in excess of sixty-three overnights, including spring break, half the summer, and alternate holidays. *Tr.* at 26-27. It appears from the modification order that the trial court granted Father additional overnight credit due to the travel costs he incurs to exercise his parenting time. *Appellant's App.* at 17. Such a deviation is contemplated in the Indiana Child Support Guidelines, which includes a non-exhaustive list of situations calling for deviation in the commentary to Guideline 1, and provides the following: "The custodial or noncustodial parent incurs significant travel expenses in exercising parenting time." Ind. Child Support Guideline 1.

Mother also alleges that the trial court used an incorrect amount for Father's income. Specifically, she claims that Father was earning additional income from a rental property, and the amount of rent received should have been added to Father's employment income on the worksheet. At trial, Father testified that he leased a home that he and his current wife own in Georgia because they had been unable to sell the home. *Tr.* at 72-73, 79-80. Under the Indiana Child Support Guidelines, "[w]eekly [g]ross [i]ncome from self-employment, operation of a business, rent, and royalties is defined as gross receipts minus ordinary and necessary expenses." Child Supp. G. 3(A)(2). While Father testified that he received $2,300.00 per month as rent, he also

testified that once he used the rent on the expenses associated with the home, including the mortgage, taxes, and insurance, he made no money. *Tr.* at 91. Since the ordinary and necessary expenses associated with being a landlord equal or exceed the gross receipts of rent, the trial court properly excluded the rental receipts from Father's gross income.

Considering only the evidence and reasonable inferences from that evidence favorable to the judgment, as we are required to do under our standard of review, we conclude that sufficient evidence was presented to establish: (1) a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or (2) that a party has been ordered to pay an amount in child support that differs by more than twenty percent from the amount that would be ordered by applying the child support guidelines and the original order was issued at least twelve months prior to the filing of the petition to modify as required under Indiana Code section 31-16-8-1(b). The trial court did not err when it granted Father's petition to modify his child support modification.

Affirmed.

MATHIAS, J. and CRONE, J., concur.