## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2020, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Lisa V. Schrader
Lafayette, Indiana

Edward L. Kennedy
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
STATE OF INDIANA

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin M.L. Jones
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry P. Haymaker,

*Appellant-Petitioner,*

v.

Carolyn A. Vessels[1] and the State of Indiana,

*Appellees-Respondents.*

August 31, 2020

Court of Appeals Case No.
20A-JP-919

Appeal from the Tippecanoe
Superior Court

The Honorable Faith A Graham,
Judge
The Honorable Matthew D.
Boulac,
Title IV-D Commissioner

---

[1] Vessels does not participate in this appeal. However, pursuant to Indiana Appellate Rule 17(A), a party below is a party on appeal.

**Bradford, Chief Judge.**

# Case Summary

In 1991, Terry P. Haymaker ("Father") was ordered to pay child support for his three children in the amount of $85 per week. Father was incarcerated in 1993, after he was found to be in contempt for failing to pay child support. While incarcerated he wrote a letter to the trial court, challenging the contempt determination and accusing the children's mother of fraud. He subsequently wrote letters to the trial court in 1996, but these letters are not included in the record on appeal and their contents are unknown. On November 5, 2019, Father was found to be $64,406 in arrears of his child-support obligation. He filed a motion to correct error, alleging that his 1993 and 1996 letters should have been treated as requests to modify his support obligation and, as such, his child-support obligation should have been retroactively modified to 1993. The trial court denied Father's motion to correct error. We affirm.

# Facts and Procedural History

[2]     Carolyn Vessels ("Mother") and Father are the parents of three children. On March 25, 1991, the parties entered into an agreed order which set Father's child-support obligation at $85 per week, effective December 21, 1990. On April 30, 1993, Father was incarcerated after he was found to be in contempt of the March 25, 1991 order. While incarcerated, on October 19, 1993, Father wrote a letter to the court in which he challenged the contempt finding and accused Mother of fraud. At some point, Father was released from incarceration.

[3]     Father was again incarcerated from February 22, 1994 through August 25, 2015, after being convicted of unrelated criminal charges. Father sent letters to the court on both March 4, and April 19, 1996, but the content of these letters is unknown as neither are included in the record on appeal. There was no action in the underlying paternity action between April 19, 1996 and August 21, 2017.

[4]     In May of 2004, Father sent a letter to the child-support prosecutor, claiming to have sought a modification of his weekly child-support obligation in both 1996 and 1997. Father sent a second letter to the child-support prosecutor on August 23, 2004, raising procedural questions. Neither of these letters were filed with the trial court.

[5]     On September 8, 2017, the State moved to modify Father's child-support obligation. The trial court issued an order on February 1, 2018, reducing Father's weekly child-support obligation to $0, effective January 11, 2011. On

November 5, 2019, the trial court issued an order finding that as of August 2, 2019, Father's child-support arrearage was $64,406, of which $50,264 was owed to Mother and $14,142 was owed to the State.

[6] Father filed a motion to correct error on November 18, 2019. The trial court conducted a hearing on Father's motion on January 28, 2020, after which it took the matter under advisement. On March 20, 2020, the trial court denied Father's motion to correct error.

# Discussion and Decision

[7] Father appeals from the denial of his motion to correct error.

> The trial court's decision on a motion to correct error comes to an appellate court cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its discretion. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). In making our determination, we may neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Instead, we look at the record to determine if: "(a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant; or (c) a very strong case for relief from the trial court's [order] ... has been made by the appellant." *Id.* (citation omitted) (omission in original).

*Page v. Page*, 849 N.E.2d 769, 771 (Ind. Ct. App. 2006). Further,

> [d]ecisions regarding child support rest within the sound discretion of the trial court. *Haley v. Haley*, 771 N.E.2d 743, 752 (Ind. Ct. App. 2002). It is within a trial court's discretion to

make a modification of child support relate back to the date the petition to modify is filed, or any date thereafter. *Quinn v. Threlkel*, 858 N.E.2d 665, 674 (Ind. Ct. App. 2006) (citing *Carter v. Dayhuff*, 829 N.E.2d 560, 568 (Ind. Ct. App. 2005)). We will reverse a decision regarding retroactivity only for an abuse of discretion or if the trial court's determination is contrary to law. *Id.*

*In re B.J.R.*, 984 N.E.2d 687, 695 (Ind. Ct. App. 2013). In arguing that the trial court abused its discretion in denying his motion to correct error, Father asserts that the trial court erroneously failed to retroactively reduce his weekly child-support obligation. Father's assertion is based solely on his belief that the trial court should have treated the letters he sent to the trial court in 1993 and 1996 as requests to modify his support obligation. We disagree.

# I. 1993 Letter

Father contends that the trial court abused its discretion by failing to treat his 1993 letter as a motion to modify his weekly child-support obligation. In his motion to correct error, Father argued that the trial court "failed to address the issue as to whether [Father's] letter to [the trial court] on October 19, 1993, written during his incarceration, constituted a Petition to Modify Child Support." Appellant's App. Vol. II p. 14. In denying Father's motion to correct error, the trial court found that the 1993 letter was not a request for a modification of child support "but, at best, [an] insufficient pleading" or attempted *ex parte* communication with the trial court. Appellant's App. Vol. II p. 18.

[9] On appeal, Father argues "[t]he trial court committed reversible error when it determined that the letter written by [him] on October 18, 1993 did not constitute a Petition to Modify Child Support." Appellant's Br. p. 10. In support, he asserts that the letter included the cause number for the underlying paternity case "at the top of the page," the first sentence indicated that his letter was about his child support, and the second sentence "asked to bring the child support matter back to court" so that he could "prove his case in court" and "present witnesses." Appellant's Br. p. 10. In response, the State argued that

> [a] plain reading of the 1993 letter shows that it was an effort by [Father] to challenge the trial court's order finding him in contempt. Father's Ex. I. At no time in the 1993 letter did [Father] ask the trial court to modify his support obligation or argue that he was unable to meet his support obligation as a consequence of his imprisonment. Father's Ex. I. Indeed, [Father] argued that he had been meeting his obligation and he anticipated a return to work upon his release from prison, which undermines any claim that he was seeking relief from the order based upon his incarceration. *Id.* Unsurprisingly, the 1993 letter also makes no mention of the yet-to-occur criminal charges for which he would be incarcerated in 1994, Father's Ex. I, Tr. 14, and which formed the basis for [Father]'s claim that he is entitled to substantial relief from nearly his entire support obligation retroactive to 1993. Tr. 14–15. Because the 1993 letter was a challenge to the trial court's finding of contempt and not a motion to modify his support obligation, the trial court did not abuse its discretion by denying [Father]'s motion to correct error.

Appellee's Br. p. 12. We agree with the State.

[10] In writing the letter to the trial court, Father acted as a pro-se litigant. "It is well settled that pro se litigants are held to the same legal standards as licensed attorneys." *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016). "This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Id.* at 983–84.

[11] "[P]leadings are to be examined and treated as to their content rather than their caption." *Ground v. Methodist Hosp. of Indiana, Inc.*, 576 N.E.2d 611, 613 (Ind. Ct. App. 1991); *see also ABN AMRO Mortg. Grp., Inc. v. Am. Residential Servs., LLC*, 845 N.E.2d 209, 216 (Ind. Ct. App. 2006). Review of the 1993 letter reveals that while the first line of the letter did indicate that Father was "writing this letter to [the court] about my child support," Father's ex. 1, nothing in the letter mentioned, let alone requested, a modification of his child-support obligation. Rather the letter attacked the contempt finding, for which he was incarcerated, and accused Mother of fraud. While Father may have intended for the letter to serve as a request to modify his child-support obligation, the contents of the letter fall short of making such a request. Because Father's arguments were limited to and reflected by the contents of his letter, the letter could not have been treated as a petition to modify his child support but rather as a challenge to the contempt determination. The trial court, therefore, did not abuse its discretion by finding that the letter did not constitute a request for modification of Father's child-support obligation.

## II. 1996 Letters

[12] Father further argues that the additional letters he wrote to the trial court in 1996 "were also Petitions to Modify Child Support." Appellant's Br. p. 11. In denying Father's motion to correct error, the trial court found that like the 1993 letter, the 1996 letters "were not requests for Modification of Child Support but, at best, insufficient pleading, and likely attempted *ex parte* communications with the Court." Appellant's App. Vol. II p. 18. While the trial court's statements during the hearing on Father's motion to correct error suggests that these additional letters were in the trial court's case file,[2] copies of the letters were not included in the record presented on appeal. Instead, Father relies on the 2004 letters that he sent to the child-support prosecutor, in which he referred to his 1996 letters as requests to modify his child support.

[13] Father's statements relating to the content of the 1996 letters, however, were inadmissible hearsay. *See* Evid. R. 801(c) (defining hearsay as "a statement that: (1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted"); *see also Kline*

---

[2] Father's counsel and the trial court engaged in the following colloquy regarding the letters during the hearing on Father's motion to correct error:

> [Father's Counsel]: And, now you have, I did make a copy of the docket, you know, which showed letters from Terry Haymaker. But, now you have that.
> THE COURT: We should have all of them. Um, I think any, anywhere where it said letter, the actual letter was there.
> [Father's Counsel]: Will be in the file.
> THE COURT: I think so.
> [Father's Counsel]: Great.

Tr. Vol. II p. 21.

*v. Bus. Press, Inc.*, 516 N.E.2d 88, 91 (Ind. Ct. App. 1987) (providing that extra-judicial declarations are hearsay and are not admissible). As such, we will not consider these letters as proof of the content of the 1996 letters. *See generally Kline*, 516 N.E.2d at 91 (providing that when considering a motion to correct error, it is proper to ignore evidence that is not admissible). Father has failed to point to any admissible evidence to rebut the "presumption of correctness" surrounding the trial court's determination that the letters were not requests to modify his child-support obligation. *See Page*, 849 N.E.2d at 771. Father, therefore, has failed to meet his burden of proving that the trial court abused its discretion in this regard. *Id.*

# Conclusion

Because we conclude that the trial court did not abuse its discretion in rejecting Father's assertion that the 1993 and 1996 letters should have been treated as requests to modify his child-support obligation, we further conclude that the trial court did not abuse its discretion in denying Father's motion to correct error.[3]

The judgment of the trial court is affirmed.

---

[3] Father raises a secondary argument that the trial court abused its discretion in denying his request to modify his child-support obligation retroactive back to 1993. This secondary argument, however, is based on the assumption "that the Court accepts [his] letters as a petition to modify child support." Appellant's Br. p. 13. Given our conclusions above, we need not consider Father's secondary argument as nothing in the record would support such a modification.

Najam, J., and Mathias, J., concur.