Kenneth W. PAYTON, Appellant–
Respondent,

v.

Lisa K. PAYTON, Appellee–Petitioner.

No. 10A04–0512–CV–704.

Court of Appeals of Indiana.

May 17, 2006.

Leslie D. Merkley, Merkley Law Office,
Jeffersonville, for Appellant.

Michael T. Forsee, Jeffersonville, for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Respondent Kenneth W. Payton ("Father") appeals the denial of his motion to correct error, which challenged an order modifying child support for his children with Appellee–Petitioner Lisa K. Payton ("Mother"). We reverse and remand.

### Issue

Father presents a single issue for review: whether the trial court abused its discretion by modifying Father's child support obligation absent consideration of the Social Security disability payments received by Mother on the children's behalf.

### Facts and Procedural History

Mother and Father were divorced on February 8, 1990, and Mother was awarded the physical custody of their children, N.P., born January 9, 1988, and B.P., born November 28, 1989. Father was ordered to pay child support in the amount of $78.00 per week.

On May 4, 1995, Father filed a Petition to Modify Child Support, averring that he was then receiving Social Security disability payments, and that the children would be receiving Social Security payments because of his disability. Approximately nine years later, on March 5, 2004, Mother filed an "Amended Petition for Citation and Petition for Modification" alleging that Father was in contempt of court for failure to pay child support and medical expenses. (Appellee's App. 1.)

On May 24, 2005, the trial court held a hearing at which testimony was heard and unverified child support exhibits were submitted. The parties primarily disputed the effect of Social Security payments received by the children upon Father's child support obligation. Mother testified that the children had received $72,600.00 in Social Security payments since 1994, but that Father had not made additional child support payments. Father requested a credit against his child support obligation for the Social Security payments to the children, while Mother opposed such credit.[1]

On September 19, 2005, the trial court modified Father's child support, retroactive to the filing date of May 4, 1995. Father's child support was increased to $85.00 per week for the period of time between May 4, 1995 and May 4, 2000. For May 5, 2000 through March 27, 2004, the child support was reduced to $63.00 per week. From March 28, 2004 to December 18, 2004, no child support arrearage was assessed, because B.P. lived with Father. Beginning on December 18, 2004, child support was set at $70.00 per week. Accordingly, Father was ordered to pay a child support arrearage of $31,677.40. A withholding order was issued to deduct child support payments and arrearage payments from the Social Security disability payments to Father.

On October 6, 2005, Mother filed a Petition for Rule to Show Cause, alleging Father to be in contempt of court. On October 19, 2005, Father filed a Motion to Correct Error. The trial court conducted a hearing on November 10, 2005, denied the Motion to Correct Error, found Father in contempt of court, and ordered him to pay medical expenses of $2,144.42 and at-

1. Mother's exhibits did not provide Father a direct credit. However, Mother's worksheets included the Social Security payments to the children as an addition to the income from which the children could be supported.

torney fees of $500.00. Father now appeals.

## Discussion and Decision

### A. Standard of Review

■ Indiana Code Section 31–16–8–1 provides that an order with respect to child support may be modified: (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or (2) upon a showing that a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the Indiana Child Support Guidelines ("Guidelines"), and the order requested to be modified or revoked was issued at least twelve months before the petition requesting modification was filed. Although a court may not retroactively reduce, modify or vacate a support order, it is empowered to make a discretionary modification relating back to the filing date of the petition to modify. *Donegan v. Donegan*, 586 N.E.2d 844, 846 (Ind.1992).

■ There is a rebuttable presumption that the amount of the award resulting from the application of the Guidelines is the correct amount of child support to be awarded. Child Supp. G. 2. Child support awards under the Guidelines are designed to provide the children as closely as possible with the same standard of living they would have enjoyed had the marriage not been dissolved. *Hamiter v. Torrence*, 717 N.E.2d 1249, 1253 (Ind.Ct.App.1999). With respect to Social Security benefits, the Commentary to Child Support Guideline 3 provides: "Social Security benefits received by a child because of the custodial parent's disability do not reduce the child support obligation of the noncustodial parent. However, Social Security benefits received by a child because of the noncustodial parent's disability may be applied on a case by case basis as a credit to the non-

custodial parent's child support obligation."

■ Decisions regarding child support are generally within the sound discretion of the trial court. *Thacker v. Thacker*, 710 N.E.2d 942, 944 (Ind.Ct.App.1999). Reversal of a trial court's child support order is merited only where the determination is clearly against the logic and effect of the facts and circumstances. *Fields v. Fields*, 749 N.E.2d 100, 104 (Ind.Ct.App. 2001), *trans. denied.* This Court will consider only the evidence and reasonable inferences favorable to the judgment. *Id.* However, we will not blindly adhere to the computation of support without giving careful consideration to the variables that require changing the result in order to do justice. *Id.* (citing *Kinsey v. Kinsey*, 640 N.E.2d 42, 43–44 (Ind.1994)).

### B. Analysis

■ At the outset, we are compelled to note a fatal deficiency in the modification order. Since 1989, the Indiana Child Support Guidelines have required, in all cases in which the court is requested to order support, that both parents complete and sign, under penalty of perjury, a child support worksheet to be filed with the court verifying the parents' incomes. *Glover v. Torrence*, 723 N.E.2d 924, 931 n. 2 (Ind.Ct.App.2000). The necessity of this requirement is particularly apparent here, where the modification order was based upon income changes spanning more than a decade.

■ We are unable to determine whether the trial court's order is consistent with the Guidelines. Mother offered into evidence certain unsworn and unverified documents pertaining to parental income, i.e., one handwritten chart entitled "Income Information" and two unsigned child support worksheets. Neither parent offered a signed Guidelines worksheet. Further-

more, the trial court did not enter findings or complete its own child support worksheet to justify its order and permit our review. *See Pryor v. Bostwick,* 818 N.E.2d 6, 12 (Ind.Ct.App.2004) (holding that review is precluded in such circumstances). Accordingly, we must reverse the modification order.

Because it will arise again on remand, we address Father's contention that he was entitled to a credit against his child support obligation for the Social Security payments made to the children, in reliance upon *Poynter v. Poynter,* 590 N.E.2d 150, 152 (Ind.Ct.App.1992), *trans. denied.* In *Poynter,* a separate panel of this Court considered whether Social Security benefits received by children due to their custodial mother's disability should be credited solely as support paid by her rather than used to reduce the total support obligation allocated between both parents. The Court held that a credit was appropriate, reasoning that the disability benefits substitute for lost earning power because of the disability. *Id.* Too, the Court acknowledged that the majority of jurisdictions that have considered the question provide for a direct child support credit. *Id.*

Subsequently, in *Stultz v. Stultz,* 659 N.E.2d 125, 128 (Ind.1995), in considering the effect of Social Security retirement benefits, the Indiana Supreme Court clarified that a credit is not automatically given; rather, the receipt of benefits is one factor for the trial court to consider in determining the child support obligation or modification. The trial court had recalculated the child support to reflect the father's reduced income upon retirement, and its denial of an additional credit for the benefits payable to the children was not clearly erroneous. *Id.* The Court acknowledged, "Our holding today does not foreclose the possibility of other trial courts, in certain cases, granting a credit to a social security recipient parent for benefits received by a child. We anticipate, however, that such a credit will generally be denied, at least with respect to social security *retirement* benefits." *Id.* at 128–29 (emphasis in original).

Thereafter, a separate panel of this Court decided *Brown v. Brown,* 823 N.E.2d 1224, 1227 (Ind.Ct.App.2005), upon which Mother relies. The custodial mother in *Brown* received, for the child's benefit, a lump sum retroactive Social Security disability payment and the father sought corresponding credit against his child support arrearage. This Court interpreted *Stultz* as "rejecting what might be viewed as *Poynter's* overly mechanical approach to classifying social security benefits for purposes of determining a parent's child support obligation." The *Brown* Court observed that the trial court "carefully consider[ed] all of the factors in this particular case [and] found that a credit was not warranted," and affirmed the trial court's order. *Id.* In dicta, the Court suggested that a proper formula might involve characterizing the Social Security payments as "additional weekly income of the custodial parent before application of the support guidelines[.]"[2] *Id.* at 1228. Our Supreme Court granted transfer of the *Brown* case, vacating the Court of Appeals opinion.

In light of these developments, we cannot say with confidence that the law is entirely settled in this area. However, it appears that it is incumbent upon the trial court, when assessing child support in a situation in which Social Security disability benefits are received directly by the children, to consider all the circumstances and

---

**2.** Presumably, an offset or credit would then be applied at some point in the child support calculation if necessary so that the disabled parent would not be assessed increased child support from his or her share of the family income because of his or her application for disability benefits paid directly to the child(ren).

enter findings supporting or denying credit in that particular case.

Here, it is apparent that Father received no credit for the Social Security disability payments received by the children. Mother's unverified child support calculations, which were apparently adopted by the trial court, provide no reduction in the total parental child support obligation and allocate no credit to Father. Mother modified the Guidelines child support worksheet to include a column for children's income, but then allocated a percentage of the total income available for support to the children's column, as if the children had a duty for their own support. This income inclusion and corresponding offset had no net effect upon the parental support obligation. It is undisputed that the children received substantial Social Security benefits due to Father's disability, yet the trial court made no findings to indicate that it considered a credit, based upon the particular circumstances of the case, consistent with the Guidelines Commentary.[3]

On remand, we instruct the trial court to obtain signed child support worksheets from both parties, and to recalculate Father's child support obligation accordingly. We also direct the trial court to consider, and enter appropriate findings, as to whether or not credit should be given to Father for the Social Security disability benefits paid directly to Mother for the children.

Reversed and remanded.

KIRSCH, C.J., and CRONE, J., concur.

S.D., Appellant–Respondent,

v.

---

3. The trial court's comments suggest that the trial court may have believed that Father was employed despite his disability. Nevertheless, there is no evidence of Father's income from employment, and the trial court did not make any specific finding as to Father's employment status.