Jennifer Ann PAGE, n/k/a Jennifer Ann June, Appellant–Petitioner,

v.

Robert Alan PAGE, Appellee–Respondent.

No. 75A03–0601–CV–30.

Court of Appeals of Indiana.

June 27, 2006.

Cassandra Hine, Dodge Law Group, P.C., Knox, IN, Attorney for Appellant.

Robert Page, Valparaiso, IN, Appellee pro se.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jennifer Ann June [1] appeals the trial court's grant of Robert Page's petition to modify child support. She presents a single issue for review, which we restate as whether the evidence is sufficient to support the trial court's judgment.

We affirm.

### FACTS AND PROCEDURAL HISTORY

June and Page had one child during their marriage. The marriage was dissolved on April 2, 2001. At the time the dissolution decree was entered, Page was employed in the computer field, using his computer drafting degree from Ivy Tech. Under the dissolution decree, he was ordered to pay $117 in weekly child support to June. In August 2004, Page lost his job and began receiving unemployment benefits. Despite his efforts, Page was unable to find a job in the computer field. In February 2005, he obtained employment in construction at a lower rate of pay.

In March 2005, Page filed a petition to modify support. On November 1, 2005, Page's petition was heard before a magistrate. During the course of the hearing, Page offered into evidence an unsigned child support worksheet and a copy of an employment contract dated March 28, 2005, from his construction employer.

June objected to the admission of the March 2005 contract, and the magistrate denied its admission. Also during the hearing, Page testified about his former jobs and salaries, his current employment and salary, and his decrease in income since the prior child support order had been entered.

At the conclusion of the hearing, the magistrate allowed Page time to provide the court and June with a copy of Page's most recent employment contract. Page later provided a contract dated September 30, 2005, which indicated that Page was to be paid $9600 over five months for construction work. On November 7, 2005, the trial court entered an order approving the magistrate's recommendation to grant Page's petition to modify child support by reducing his obligation to $70 per week. Attached to that order was a copy of Page's child support worksheet.[2]

On November 8, 2005, June filed her Objections to Petitioner's Post–Hearing Submission of Document regarding the September 2005 contract. The trial court denied that motion. On December 8, 2005 she filed a motion to strike the March 2005 contract from the record and a Motion to Correct Error. The trial court, adopting the magistrate's recommendation, denied the motion to strike on the ground that the March 2005 contract had been filed with the court in March and, thus, was part of the record before the hearing. But the court granted, in part, the motion to correct error. Specifically, the trial court found that it had improperly allowed Page to submit a new employment contract post-hearing and improperly considered

---

1. At the time of the parties' dissolution of marriage, June's name was Jennifer Ann Page.

2. The worksheet is marked as Petitioner's Exhibit 2, and the March 2005 employment contract is marked as Petitioner's Exhibit 1.

that contract as evidence supporting modification of Page's support obligation. The court struck the September 2005 contract from the evidence but, nevertheless, determined that the evidence was sufficient to support the judgment modifying Page's support obligation. This appeal ensued.

## DISCUSSION AND DECISION

■ June contends that the trial court abused its discretion when it granted Page's petition to modify support because Page failed to offer into evidence documentation verifying his income.[3] In effect, June argues that the evidence is insufficient to support the judgment modifying Page's child support obligation. We cannot agree.

■ Trial courts are vested with broad discretion in ruling on child support. *Borth v. Borth,* 806 N.E.2d 866, 869 (Ind. Ct.App.2004). A trial court may modify a support order upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Ind.Code § 31–16–8–1. We will reverse a decision regarding modification of child support only where it is clearly against the logic and effect of the facts and circumstances that were before the trial court. *Borth,* 806 N.E.2d at 869. On appeal, we do not weigh the evidence or judge the credibility of the witnesses but, rather, consider only that evidence most favorable to the judgment, together with the reasonable inferences that can be drawn therefrom. *Scoleri v. Scoleri,* 766 N.E.2d 1211, 1215 (Ind.Ct.App.2002). The petitioner bears the burden of proving a substantial change in circumstances justifying modification. *Id.*

■ June appeals from the trial court's judgment denying, in part, her motion to correct error. The trial court's decision on a motion to correct error comes to an appellate court cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its discretion. *Volunteers of Am. v. Premier Auto Acceptance Corp.,* 755 N.E.2d 656, 658 (Ind.Ct.App. 2001). In making our determination, we may neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Instead, we look at the record to determine if: "(a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant; or (c) a very strong case for relief from the trial court's [order] ... has been made by the appellant." *Id.* (citation omitted) (omission in original).

■ On appeal, June bears the burden of showing that the trial court abused its discretion to the extent it denied her motion to correct error. *See id.* We conclude that she has not met that burden on this record. It is an appellant's duty to provide an adequate record for review. *Mayflower Transit, Inc. v. Davenport,* 714 N.E.2d 794, 799 (Ind.Ct.App.1999). But June failed to provide a transcript of the hearing on Page's petition to modify child support. Without a transcript, we cannot review the evidence presented to the trial court. Instead, we must rely on the findings the trial court made in ruling on Page's petition. Those findings, as listed in the order on the motion to correct error, are as follows:

   a.  In 1990–91, [Page] obtained a degree in Computer Drafting from Ivy Tech.

**3.** On appeal June alleges that there is no documentary evidence showing a reduction in Page's income. She does not argue that a reduction in Page's child support obligation would not be warranted if documentary evidence had been admitted to demonstrate a reduction in his income.

b. In the years between 1991 and 2004, [Page] found employment in the computer industry doing various computer[-]related tasks.

c. In the computer industry, [Page] had earned between $35,000 and $38,600 annually.

d. In August of 2004, [Page] was fired, along with three other employees, from Dental Enterprises where he earned $740.00 per week doing computer[-]related work.

e. For a period of time following the firing, [Page] received unemployment compensation.

f. [Page] attempted to find similar employment but could not.

g. In the period of time that [Page] was unemployed and looking for a computer job, his computer skills continued to become more and more outdated.

h. [Page] stated that he would need to take classes to become up to date [sic] with current computer technology.

i. As [Page's] unemployment compensation was nearing its end, [Page] decided to seek employment in the construction industry.

j. [Page] found employment with Lighthouse Contracting Services in February of 2005. For this employer, [Page] performed various construction jobs and was paid by the job.

k. [Page] testified that he earns approximately $12.00 per hour or $480.00 per week doing construction work for Lighthouse.

l. [Page] enjoyed the change of careers he experienced in going from computers to working with his hands and being outdoors.

Appellant's App. at 27–28. This court "shall not set aside the findings or judgment unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." Ind. Trial Rule 52(A). June has presented no evidence to show that the trial court's findings listed above are clearly erroneous.

June argues that the evidence is insufficient because the judgment is not based on any "admissible or admitted documentation." Appellant's Brief at 1. In essence, June asks us to hold categorically that oral testimony is insufficient to carry a petitioner's burden of proof for a modification of child support. This we decline to do. In support of her contention, she relies on Indiana Child Support Guideline 3(B)(2), which provides that "[i]ncome statements of the parents shall be verified with documentation of both current and past income." But the commentary to that Guideline states that "[t]he requirement of income verification is not a change in the law but merely a suggestion to judges that they take care in determining the income of each party." Child Supp. G. 3(B)(2) cmt. 2. Thus, the documentation requirement in Guideline 3(B)(2) is not mandatory but is merely a reminder to trial courts to verify the parties' incomes before entering a child support order.[4]

---

**4.** Another panel of this court recently reversed an order modifying child support on the ground that neither parent offered a signed child support worksheet into evidence and that "the trial court did not enter findings or complete its own child support worksheet to justify its order and permit our review." See *Payton v. Payton,* 847 N.E.2d 251, 254 (Ind.Ct.App.2006). But *Payton* is distinguishable from the instant case. Here, Page submitted a child support worksheet and, in the trial court's order on the motion to correct error, the court entered specific findings on which it relied in ruling on Page's petition to modify child support. We further note that the panel in *Payton* relied on *Glover v. Tor-*

Moreover, the record contains a child support worksheet that supports the judgment. The worksheet, offered into evidence by Page, is attached to the trial court's order dated November 7, 2005, granting Page's petition. June has not objected to that worksheet.

### Conclusion

On this record, June failed to present evidence to show that the trial court's judgment was clearly erroneous. And we decline June's request to hold generally that oral testimony is insufficient to carry the burden of proof required to modify a child support award. Thus, we affirm the trial court's judgment denying June's motion to correct error as to the modification of Page's child support obligation.

Affirmed.

SHARPNACK, J., and ROBB, J., concur.

---

*rence*, 723 N.E.2d 924, 931 n. 2 (Ind.Ct.App. 2000), but in that case the father's unsigned child support worksheet contradicted his oral testimony, the latter of which he relied upon as the basis for appealing the trial court's child support order. *See id.* at 932 (holding that the failure of both parents to offer a signed child support worksheet and the trial court's failure to "enter findings or complete its own child support worksheet to justify its order and permit [appellate] review" was a fatal deficiency).