**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**CYNTHIA L. GARWOOD**
Lafayette, Indiana

ATTORNEY FOR APPELLEE:

**MARCEL KATZ**
Law Offices of Marcel Katz
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARJORIE O. LESLEY, | ) | |
| | ) | |
| Appellant-Respondent/Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1305-DR-472 |
| | ) | |
| ROBERT T. LESLEY, | ) | |
| | ) | |
| Appellee-Petitioner/Cross-Appellant. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1008-DR-264

**March 25, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Marjorie O. Lesley ("Wife") and Robert T. Lesley ("Husband") obtained a divorce. In the final dissolution decree, the trial court found that Wife did not present sufficient evidence to establish that she was entitled to incapacity maintenance, but indicated that it would reevaluate the issue if the Social Security Administration ("SSA") determined that she was disabled. Subsequently, the SSA found that Wife was disabled, and she filed a petition with the trial court to revisit the issue of incapacity maintenance. The trial court then issued an order finding that Wife was entitled to rehabilitative maintenance from the time of the dissolution until the emancipation of the parties' youngest child. Wife filed a motion to correct error, arguing that the trial court erred in granting her rehabilitative maintenance rather than incapacity maintenance. The trial court denied her motion.

Wife appeals the denial of her motion to correct error, arguing that the trial court erred in finding that she was entitled to rehabilitative maintenance rather than incapacity maintenance. Husband cross-appeals, arguing that the trial court did not have the authority to reevaluate its original decision not to grant Wife maintenance. We conclude that the Indiana Code requires the trial court to make a maintenance determination at the time that the final dissolution decree is entered. We further conclude that because the trial court found in the final dissolution decree that Wife failed to carry her burden to show that she was incapacitated, it did not have the authority to revisit the issue based upon a postdissolution decision from the SSA. Accordingly, we reverse the portion of the trial court's order

2

granting Wife maintenance and remand for further proceedings consistent with this opinion, including all necessary recalculations.

## Facts and Procedural History

Husband and Wife were married in December 1991, and had two children: T.L. born in August 1992, and M.L., born in November 1993. Husband has been employed as a registered nurse since 1993. Wife worked at Subaru Indiana Automotive for eighteen years. By October 2009, Wife had been diagnosed with lupus, fibromyalgia, degenerative disc disease, irritable bowel syndrome, depression, and anxiety disorder. In October 2009, Wife went on short-term disability with her employer and then long-term disability. Wife filed an application for disability insurance benefits with the SSA. Her application was denied, and she appealed.

In August 2010, Husband filed a petition for marriage dissolution. Wife filed a counterpetition, asking for incapacity maintenance. The trial court held a hearing on the petitions, and in May 2011, issued a dissolution decree, which provided in relevant part,

> 10. The Court is unable to conclude from the evidence presented whether the Wife is entitled to receive maintenance from the Husband under Indiana Law. To-date, the Wife's request for Social Security Disability benefits, based on her medical records, and her claims of inability to maintain employment due to her medical condition, have been denied by the [SSA] which has had an opportunity to review all of the medical records relevant to Wife's case and make a determination based on those records. Further, the Wife testified that her own physician had concluded in April 2010 that the Wife was physically and medically able to return to work, which opinion when expressed to her employer, formed the basis for the denial of any further disability benefits [] which she had been receiving from her employer. No medical evidence has been presented on the Wife's behalf to support her request for determination that she is medically physically unable to be employed.

3

11.	Upon a determination by the Social Security Administration that the Wife is disabled, the Court will re-evaluate issues of child support, maintenance, and educational expenses, retroactively.

Appellant's App. at 26-27.

Wife filed a motion to correct error, arguing in relevant part that the trial court erred in failing to award incapacity maintenance. The trial court issued an order granting in part and denying in part Wife's motion to correct error, which in relevant part denied her motion as to incapacity maintenance and entered a corrected dissolution decree, which reiterated paragraphs 10 and 11 above.

In November 2011, the SSA issued its ruling on Wife's appeal of the denial of disability benefits, determining that she had been disabled from October 26, 2009, to November 21, 2011. The SSA recommended a disability review in two years, as medical improvement was expected with appropriate treatment.

In May 2012, Wife filed a petition for retroactive reevaluation of maintenance and child support, to which she attached the SSA's determination that she was disabled. Husband filed a response to Wife's petition and a petition for modification of child support and property division.

In December 2012, the trial court held a hearing on all pending matters. Husband argued that the trial court had already determined in the dissolution decree that Wife was not entitled to incapacity maintenance and that it did not have the authority to reevaluate the issue. In January 2013, the trial court issued an order, which provided in relevant part:

6.	The Court finds that [Wife] is entitled to rehabilitative maintenance from the period of dissolution until the date of [M.L.'s] majority. The Court

4

finds that the three years between the date of her disability and [M.L.'s] majority is sufficient time for [Wife] to have obtained adequate retraining to obtain employment within her physical capabilities.

7.      The Court finds that maintenance shall be calculated as if [Wife] was an additional child requiring support, but in no event greater than $500.00 per month.

*Id*. at 11.  The trial court found that T.L. reached the age of majority on July 1, 2012, and M.L. reached the age of majority on November 15, 2012.  The trial court recalculated the support and maintenance that Husband owed Wife from May 6, 2011 through November 15, 2012.

Wife filed a motion to correct error, arguing in relevant part that the trial court erred in awarding her rehabilitative maintenance when she was actually entitled to incapacity maintenance because the SSA had found that (1) Wife was disabled; (2) suffers from lupus, fibromyalgia, degenerative disc disease, depression, and anxiety; (3) the demands of her past relevant work exceed her residual functioning capacity; (4) she is unable to perform any work related to her vocational work history; and (5) the national economy did not contain a significant number of jobs that she could perform for her to obtain employment with her disabilities.  *Id*. at 62-63.  Following a hearing, the trial court denied Wife's motion to correct error regarding rehabilitative maintenance.

**Discussion and Decision**

Wife appeals the trial court's decision to award her rehabilitative maintenance rather than incapacity maintenance.  Husband cross-appeals, arguing that the trial court did not have the statutory authority, as a matter of law, to reevaluate its decision not to grant Wife

5

postdissolution maintenance when it issued the dissolution decree. This is a question of first impression. Based on the statutory framework governing dissolution and maintenance, we agree with Husband.

Our goal in statutory interpretation is to ascertain, give effect to, and implement the legislature's intent as expressed in the plain language of its statutes. *State v. Prater*, 922 N.E.2d 746, 749 (Ind. Ct. App. 2010), *trans. denied*. "The first rule of statutory construction is that '[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense.'" *Id*. (quoting Ind. Code § 1-1-4-1(1)) (alteration in *Prater*). "The Court presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Cubel v. Cubel*, 876 N.E.2d 1117, 1120 (Ind. 2007).

Indiana Code Title 31, Article 15 governs the dissolution of marriage. Indiana Code Section 31-15-2-16(b) provides that a "dissolution decree *is final when entered*, subject to the right of appeal." (Emphasis added.) Indiana Code Section 31-15-7-1 provides that the "court may order maintenance *in final dissolution of marriage decrees* entered under IC 31-15-2-16." (Emphasis added.) The parties may provide for maintenance in settlement agreements, but in the absence of such an agreement, a trial court may award only "three, quite limited" varieties of postdissolution maintenance: spousal incapacity maintenance, caregiver maintenance, and rehabilitative maintenance. *Dewbrew v. Dewbrew*, 849 N.E.2d 636, 644 (Ind. Ct. App. 2006). Indiana Code Section 31-15-7-2 provides,

> (1) *If the court finds* a spouse to be physically or mentally incapacitated
> to the extent that the ability of the incapacitated spouse to support himself or

6

herself is materially affected, *the court may find that maintenance for the spouse is necessary* during the period of incapacity, subject to further order of the court.

(2) *If the court finds* that:

(A) a spouse lacks sufficient property, including marital property apportioned to the spouse, to provide for the spouse's needs; and
(B) the spouse is the custodian of a child whose physical or mental incapacity requires the custodian to forgo employment;

*the court may find that maintenance is necessary* for the spouse in an amount and for a period of time that the court considers appropriate.

(3) After considering:

(A) the educational level of each spouse at the time of marriage and at the time the action is commenced;
(B) whether an interruption in the education, training, or employment of a spouse who is seeking maintenance occurred during the marriage as a result of homemaking or child care responsibilities, or both;
(C) the earning capacity of each spouse, including educational background, training, employment skills, work experience, and length of presence in or absence from the job market; and
(D) the time and expense necessary to acquire sufficient education or training to enable the spouse who is seeking maintenance to find appropriate employment;

*a court may find that rehabilitative maintenance for the spouse seeking maintenance is necessary* in an amount and for a period of time that the court considers appropriate, but not to exceed three (3) years from the date of the final decree.

(Emphases added.) Indiana Code Section 31-15-7-3 provides that *an award* of maintenance

may be modified if certain conditions are met:

Provisions of an order with respect to maintenance ordered under section 1 of this chapter … may be modified or revoked. Except as provided in IC 31-16-8-2, [which governs modification of support orders providing medical support for a child] modification may be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.

Reading these statutes together, it is clear that a trial court is to determine whether a spouse is entitled to maintenance at the time the dissolution decree is entered. Ind. Code §§ 31-15-7-1, -2. Indiana Code Section 31-15-7-2(1) and (2) require the court to make certain findings, before it considers whether maintenance is necessary. The spouse seeking maintenance has the burden of proving that he or she is entitled to maintenance. *Matzat v. Matzat*, 854 N.E.2d 918, 921 (Ind. Ct. App. 2006). If, at the time of dissolution, the trial court finds that a spouse has *not* satisfied the statutory criteria entitling him or her to maintenance, then that is the end of the matter. The dissolution decree is final. Ind. Code § 31-15-2-16(b). There is no statutory authority for the trial court to reevaluate, postpone, or defer its determination of whether a spouse meets the statutory criteria in Indiana Code Section 31-15-7-2 based on a decision or act of an outside entity that occurs after the final dissolution decree has been entered. If, at the time of dissolution, the trial court finds that a spouse has met the burden to establish the statutory criteria in Indiana Code Section 31-15-7-2, then the trial court "may" find that maintenance is necessary. The trial court's power to award spousal maintenance is not mandatory but is wholly within the trial court's discretion. *Clokey v. Bosley Clokey*, 956 N.E.2d 714, 718 (Ind. Ct. App. 2011). If the trial court finds in the final dissolution decree that spousal maintenance is necessary, then the trial court retains statutory authority to modify or revoke maintenance. Ind. Code § 31-15-7-3.

Turning to the facts at hand, Wife requested incapacity maintenance pursuant to Indiana Code Section 31-15-7-2(1). It was her burden to prove that she was physically or

8

mentally incapacitated to the extent that her ability to support herself was materially affected. However, she failed to carry her burden. The trial court concluded that the evidence presented did *not* support a finding that Wife was entitled to receive maintenance from Husband and that "[n]o medical evidence has been presented on the Wife's behalf to support her request for determination that she is medically physically unable to be employed." Appellant's App. at 26. In the final dissolution decree, the trial court found that Wife's evidence was insufficient to establish that she was physically or mentally incapacitated to the extent that her ability to support herself was materially affected, and that determination is final. As a matter of law, the trial court could not retain authority to reevaluate, postpone, or defer that determination based on a subsequent decision from the SSA. Accordingly, we reverse the trial court's award of rehabilitative maintenance to Wife and remand for further proceedings consistent with this opinion, including all necessary recalculations.

Reversed and remanded.

NAJAM, J., concurs.

BAKER, J., concurs with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

MARJORIE O. LESLEY,      )
         )
   Appellant-Respondent/Cross-Appellee,   )
         )
         vs.      )   No.  79A02-1305-DR-472
         )
ROBERT T. LESLEY,      )
         )
   Appellee-Petitioner/Cross-Appellant.   )
         )

**BAKER, Judge, concurring.**

I agree with the majority that the issue of spousal maintenance could not be revisited once the trial court entered the final dissolution decree. However, I write separately to explain how the trial court's intent could have been properly effected.

Here, in the May 2011 decree, the trial court noted that Wife "obtained a degree in Occupational Leadership." Appellant's App. p. 39. The trial court also noted that Wife had not attempted to secure other employment and seemed dismissive of testimony that Wife could not find work that she could perform on a regular basis. Id. at 39-40. Therefore, I

believe that the trial court attempted to reserve its right to reevaluate maintenance upon a determination by the Social Security Administration that Wife was disabled because it wanted access to the amount that Wife would receive in monthly benefits.

In the trial court's order on Wife's petition for maintenance, it ordered that Wife's weekly Social Security disability payments of $425 be used as her weekly income for child support calculations. Id. at 11. Additionally, the trial court found that Wife was only entitled to three years of rehabilitative maintenance. Id.

Taking the decree and subsequent order together, it appears that rehabilitative maintenance is what the trial court continuously intended. That said, the better approach would have been for the trial court to have continued the May 2011 hearing until after there was a determination regarding Wife's Social Security disability payments. I believe that the trial court attempted to reserve its rights to reevaluate maintenance upon a determination by the Social Security Administration because it wanted to know the amount that Wife would receive in monthly benefits. However, as the majority points out, the trial court forfeited such a reservation by entering the final decree when it did. Thus, while I concur with the majority, I write separately to discourage similar situations in the future.