

FILED

Jan 31 2019, 6:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE

Ralph E. Dowling
Dowling Law Office
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dorothy Campbell,<br>*Appellant,*<br><br>v.<br><br>Mark Reed Campbell,<br>*Appellee* | January 31, 2019<br><br>Court of Appeals Case No.<br>18A-DR-361<br><br>Appeal from the Boone Circuit<br>Court<br><br>The Honorable J. Jeffrey Edens,<br>Judge<br><br>Trial Court Cause No.<br>06C01-1609-DR-587 |

**Baker, Judge.**

[1] Dorothy Campbell appeals the trial court's order dissolving her marriage to Mark Campbell. Dorothy argues that the trial court erroneously denied her request for spousal maintenance and erroneously valued one of the parties' assets. Finding no error, we affirm.

## Facts

[2] Dorothy and Mark were married in 1991; no children were born of the marriage. Both parties worked until Dorothy became disabled in 1996. Dorothy has not worked since that time. Mark provided the sole financial support for the couple until Dorothy began receiving Social Security Disability (SSD) payments in 2001.[1] Dorothy's SSD arrearage payment was used to buy furnishings, electronics, and appliances for the house they built in 2001. Mark has continued to work and earned $23.01 per hour at the time of the hearing.

[3] In the spring of 2016, the parties separated, sold the marital residence, and paid off marital debts. Dorothy filed a petition for dissolution of marriage in May 2016, requesting spousal maintenance due to her disability and an equitable division of the marital property. The trial court held a hearing on August 25, 2017, and issued its dissolution decree on November 9, 2017. In the decree, the trial court denied Dorothy's request for spousal maintenance; valued the parties' Buick Enclave at $21,143.00; and divided the marital estate equally,

---

[1] In 2001, the Social Security Administration determined that Dorothy became disabled on May 1, 1997, and offered benefits dating back to December 1998 based on when Dorothy filed for disability.

requiring an equalization payment from Mark to Dorothy. Dorothy filed a motion to correct error regarding spousal maintenance and the valuation of the Buick Enclave; the trial court denied the motion. Dorothy now appeals.

# Discussion and Decision

## I. Spousal Maintenance

[4] Dorothy first argues that the trial court erred by denying her request for spousal maintenance. The trial court may award spousal maintenance upon finding that a spouse is incapacitated and her ability to support herself is materially affected. Ind. Code § 31-15-7-2(1). Findings are required by statute to support an award of incapacity maintenance, *see* I.C. § 31-15-7-1, but there is no corresponding requirement that findings be entered when incapacity maintenance is denied. Thus, the trial court's findings here are "special findings." Ind. Trial Rule 52(A)(3); *Cannon v. Cannon*, 758 N.E.2d 524, 526 (Ind. 2001) (determining, in reviewing findings from which trial court concluded wife was not entitled to incapacity maintenance, that findings supporting denial would be treated as special findings). We will not set aside special findings unless they are clearly erroneous. *Alexander v. Alexander*, 980 N.E.2d 878, 880 (Ind. Ct. App. 2012). The weight of the evidence and the credibility of the witnesses are matters for the trial court to assess. *Id.*

[5] There are two ways in which a party to a divorce may be obligated to make spousal maintenance payments: either the parties agree to maintenance in a negotiated settlement agreement or the court may order maintenance payments

in limited circumstances. *Palmby v. Palmby*, 10 N.E.3d 580, 583 (Ind. Ct. App. 2014). One of these circumstances occurs when the trial court finds "a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected[.]" I.C. § 31-15-7-2(1). If the trial court makes that finding, it *may* order maintenance. *Id.* Because such an award is designed to help provide for the incapacitated spouse's sustenance and support, the essential inquiry is whether the spouse can support herself. *Alexander*, 980 N.E.2d at 881. An award of incapacity maintenance is within the trial court's discretion. *Barton v. Barton*, 47 N.E.3d 368, 375 (Ind. Ct. App. 2015).

[6] It is undisputed that Dorothy was seventy-three years old at the time of the hearing and has an eighth-grade education. Moreover, while the parties may not agree upon her precise diagnoses, there is no real dispute that she has had years of serious medical problems and has been considered to be disabled and entitled to SSD since 1997.

[7] The trial court made the following findings regarding Dorothy's request for incapacity maintenance:

*Social Security Benefits*

15. On May 1, 1997 [Dorothy] was determined to be disabled by the Social Security Administration.

16. The nature of [Dorothy's] disability was not indicated in the award certificate.

17. [Dorothy] did not provide the Court with evidence as to whether or not her disability status was periodically reviewed and continued.

18. [Dorothy] continues to receive Social Security benefits.

19. The Court is unsure if those are disability benefits or retirement benefits.[2]

*Wife's Age*

20. By her own admissions, based on her age, [Dorothy] would not likely be currently working regardless of her health conditions.

\* \* \*

*Wife's Testimony*

30. [Dorothy] presented extensive testimony and exhibits concerning her disabilities.

31. [Dorothy] also presented testimony concerning the limitations she has as a result of her disabilities.

*Lack of Supporting Vocational Evidence*

32. However, [Dorothy] did not provide the Court with any vocational evidence as to whether or not the limitations

---

[2] We can only conclude that this finding is clearly erroneous, as there is no evidence in the record that Dorothy's benefits were anything other than disability benefits.

from her disability prevent her from performing all types of employment, including sedentary employment.

33. Based on the evidence before it, the Court does not find that [Dorothy] is physically or mentally incapacitated to the extent that [] her ability to support herself is materially affected.

Appealed Order p. 3-5 (internal citations omitted).

[8] The trial court found that Dorothy was not incapacitated to the extent that her ability to support herself is materially affected. She argues that this conclusion is clearly erroneous based on the evidence in the record. Even if we were to agree with her position for argument's sake—in other words, even if the trial court should have found that Dorothy was incapacitated—the award of maintenance was still within the trial court's discretion. The statute does not enumerate factors that must be considered or facts that must be weighed as the trial court exercises its discretion on this matter. Here, the trial court considered the evidence before it and made a careful judgment that maintenance is not warranted in this case. Although it could likewise have reached the opposite result on these facts, we see no reason to conclude that the trial court exceeded its discretion in denying the maintenance request.

[9] There will come a time in the lives of most of us when we are unable to work, whether because of age or disability. To reverse in this case would imply that if

one of the divorcing parties is elderly and receiving SSD,[3] maintenance is always required. We decline to reach such a result. Cases like this are extremely fact-sensitive and filled with nuance that our trial courts are best able to sift through. We believe it wise of our legislature to vest our trial courts with discretion in such matters and will not step into the trial court's exercise of discretion here. Therefore, we affirm the trial court's decision to deny Dorothy's request for spousal maintenance.[4]

## II. Property Valuation

[10] The trial court has broad discretion in ascertaining the value of property in a dissolution action, and its valuation will only be disturbed where the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Trabucco v. Trabucco*, 944 N.E.2d 544, 557-58 (Ind. Ct. App. 2011). If the trial court's chosen valuation is within the range of values supported by the evidence, we will affirm. *Goossens v. Goossens,* 829 N.E.2d 36, 38 (Ind. Ct. App. 2005).

[11] Dorothy testified that they bought the 2012 Buick Enclave for approximately $33,000 in late 2012. It was a used car, previously owned by Enterprise, and it

---

[3] Dorothy argues that being eligible for SSD should be prima facie evidence of incapacity. Whether or not it *should* be is irrelevant. The simple fact is that nothing in the statute or caselaw indicates that it is, in fact, prima facie evidence of incapacity.

[4] Dorothy argues that the denial of maintenance based partially on her age violates her constitutional right to equal protection and treatment. But she failed to raise it below, cites to no authority in support, and includes no cogent constitutional analysis in making this argument. Therefore, we decline to address it.

had hail damage when they bought it. Dorothy posited that it was worth $14,000 at the time of separation but was "probably more like ten now" because she did not have a garage and it had to be parked outside. Tr. Vol. II p. 59. Dorothy arrived at her $14,000 figure by "look[ing] at the Kelley Blue Book and . . . at sales on 'em and just various places[,]" but she did not remember exactly the *Kelley Blue Book* value and she did not submit any documentation supporting her valuation of the vehicle. *Id.* at 87. Mark submitted a *Kelley Blue Book* report on the Enclave estimating the trade-in value at $21,143. Tr. Ex. Vol. VI p. 190.

[12] The trial court was within the bounds of the evidence presented by valuing the Enclave at $21,000 for purposes of dividing the marital estate. Mark provided evidence of the Enclave's value via the *Kelley Blue Book* report whereas Dorothy provided only a guess. *See Troyer v. Troyer*, 987 N.E.2d 1130, 1138 (Ind. Ct. App. 2013) (holding trial court did not abuse its discretion in accepting wife's valuation of property when husband testified he had not had the property appraised and his valuation was "a complete guess"). The valuation was within the scope of the evidence before the trial court, and we decline to reverse on this issue.

[13] The judgment of the trial court is affirmed.

May, J., concurs.
Robb, J., concurs in part and dissents in part with a separate opinion.

| | |
|---|---|
| Dorothy Campbell,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Mark Reed Campbell,<br>*Appellee-Respondent,* | Court of Appeals Case No.<br>18A-DR-361 |

**Robb, Judge, concurring in part and dissenting in part.**

I respectfully dissent from the majority's resolution with respect to spousal maintenance.[5]  I agree with the majority that an award of spousal maintenance is a matter within the trial court's discretion, *see* slip op. at ¶ 5, and that even if a trial court were to find a spouse incapacitated, it is not required by the statute to award maintenance, *see id.* at ¶ 8; *but see Cannon*, 758 N.E.2d at 527 (noting that although the statutory language makes a maintenance award discretionary, "the

---

[5] I concur with respect to the property valuation issue.

trial court should normally award incapacity maintenance" if it finds a spouse is mentally or physically incapacitated). I also agree that an SSD award does not necessarily equate to incapacity in every situation. *See id.* at ¶ 9 n.3.

[15] Despite my agreement with these general principles of law, I am unable to agree with the majority that on these facts, the trial court did not abuse its discretion. The trial court stated it was unsure if Dorothy's benefits were for disability or retirement, mentioned Dorothy's age as the reason for her not working, and implied that Dorothy was required to present evidence other than her own testimony that she was unable to work due to her disability. These findings suggest to me that the trial court did not apply the appropriate standard in determining whether Dorothy should be awarded spousal maintenance.

[16] As the majority notes, Dorothy's benefits were clearly for disability and no one suggested otherwise. Although receiving such benefits does not automatically entitle her to spousal maintenance, that she has been deemed eligible for such benefits should be a consideration in the trial court's determination. Her inability to work is not a function of her age, it is a function of her disability, which caused her to cease working in 1996. For the ensuing nearly twenty years, Mark has benefited from her SSD payments and provided for any financial shortfall. She has no safety net now. And finally, in *Paxton v. Paxton*, 420 N.E.2d 1346, 1348 (Ind. Ct. App. 1981), we held that medical testimony was not required to support an award of incapacity maintenance based on the wife's testimony that she was receiving Social Security disability benefits due to her rheumatoid arthritis and hypertension and that she was unable to hold a job

due to her disability. Dorothy testified extensively about the nature and extent of her disability and how it affects her life and ability to work at even a sedentary job. *See* Tr. Vol. II at 47 (Dorothy testifying that she is unable to use a computer for more than fifteen or twenty minutes at a time because it bothers her hands and shoulders and sitting is difficult due to her arthritis). Testimony and evidence indicating Dorothy's expenses exceed her SSD benefits – which now comprise her sole income – was uncontradicted and her expenses were not challenged as unreasonable.

[17] To the extent the trial court's findings indicate it may have failed to consider that Dorothy receives SSD benefits, determined her disability did not materially affect her ability to support herself because her age would have impacted her earning ability regardless, and required additional evidence Dorothy was not required to offer to support her request, I believe the trial court abused its discretion. I would remand for the trial court to reconsider Dorothy's request for spousal maintenance in light of the correct standard.