# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2020, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jacob A. Ahler
Law Office of Riley & Ahler P.C.
Rensselaer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Debra J. Heath, | February 28, 2020 |
| *Appellant-Respondent,* | Court of Appeals Case No. 19A-DR-2046 |
| v. | Appeal from the Jasper Superior Court |
| Jeffrey L. Heath, | The Honorable Russell D. Bailey, Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 37D01-0209-DR-361 |

**Crone, Judge.**

[1] Debra J. Heath ("Wife") and Jeffrey L. Heath ("Husband") divorced in 2002, and the trial court issued an order dividing the marital property in May 2004. The May 2004 order purportedly awarded the marital residence to Wife and awarded Husband a $30,000 lien against the residence to be satisfied from its eventual sale.[1] That sale was to occur within six months after the youngest child of the marriage graduated from high school. That child graduated from high school on May 16, 2016.

[2] Thereafter, the parties filed cross-petitions for rule to show cause because, among other things, Wife had not yet sold or refinanced the house to satisfy Husband's lien. On June 5, 2017, the trial court issued an order on the cross-petitions that concluded in relevant part:

> In the event that [Wife] fails to refinance timely the martial residence and cannot pay off the balance of [Husband's] outstanding lien, then the residence shall be listed for sale with a realtor selected by both parties and shall be sold at fair market value. In this event, [Husband's] outstanding lien shall be satisfied from the sale proceeds of the residence and the balance, if any, *shall be divided evenly* ….

Appellant's App. Vol. 2 at 24-25 (emphasis added). This is when, in Wife's own words, the trial court "committed the error [in going] past the original property distribution" and "requiring the parties to split the remaining amount

---

[1] We have not been provided with a copy of the trial court's May 2004 property distribution order but have gleaned this information from subsequent trial court orders. Without the original distribution order, the record is unclear as to the distribution of any proceeds from the sale of the residence in excess of Husband's lien.

of the sale proceeds" resulting in an award of "additional marital property" to Husband. Appellant's Br. at 11-12. However, Wife admittedly never appealed the trial court's June 2017 order. Rather, Wife brings the current appeal from the trial court's "most recent Order,"[2] and asserts that the trial court "abused its discretion by confirming"[3] the alleged error committed by the court in its June 2017 order which improperly "modified [the original 50/50] property distribution order." *Id*. at 9, 11-12. In other words, Wife currently seeks appellate review of the merits underlying a judgment that was entered by the trial court more than two years ago.

[3] We must decline Wife's request. Indiana Appellate Rule 9(A)(1) requires that a party initiate an appeal by filing a notice of appeal within thirty days after entry of a final judgment is noted on the chronological case summary. A judgment is a final judgment if it disposes of all claims as to all parties, *see* Ind. Appellate Rule 2(H)(1), and the self-effectuating June 2017 order did just that when it disposed of all claims raised in the parties' cross-petitions for rule to show cause. Because Wife failed to file a timely appeal of the June 2017 order, she has forfeited her right to appeal that order and the issues finally decided therein.

---

[2] Wife is referring to the trial court's December 27, 2018 order on Husband's "Petition to Sell Marital Real Estate and Contempt." Appellant's App. Vol. 2 at 19.

[3] In its December 2018 order, because Wife had yet to sell or refinance the marital residence in accordance with the June 2017 order, the trial court again ordered Wife to sell the residence and reiterated that "Husband's lien plus interest should be satisfied out of the proceeds … and all remaining proceeds *shall be split equally*." Appellant's App. Vol. 2 at 21 (emphasis added).

Ind. Appellate Rule 9(A)(5).[4] As Wife makes no assertion that the trial court's most recent order is erroneous for any other reason, we affirm it in its entirety.[5]

[4] Affirmed.

May, J., and Pyle, J., concur.

---

[4] We see no extraordinarily compelling reason why Wife's forfeited right to appeal should be restored. *See Adoption of O.R.*, 16 N.E.3d 995, 971-72 (Ind. 2014) (emphasizing that untimely appeal does not deprive appellate court of jurisdiction to entertain appeal and that court may resurrect otherwise forfeited appeal when there are extraordinarily compelling reasons to do so).

[5] Forfeiture notwithstanding, we note that Wife's entire argument on appeal is premised upon the trial court's allegedly improper modification of the original property distribution. However, Wife has failed to include a copy of the dissolution decree or the original property distribution in the record on appeal. It is an appellant's duty to provide an adequate record for our review. *Page v. Page*, 849 N.E.2d 769, 771 (Ind. Ct. App. 2006); *see also Marion-Adams Sch. Corp. v. Boone*, 840 N.E.2d 462, 468-69 (Ind. Ct. App. 2006) (noting the "cardinal rule" of appellate review that appellant bears burden of showing reversible error, as all presumptions are in favor of trial court's judgment). Having not provided an adequate record on appeal, Wife cannot meet her burden to demonstrate any error. As noted earlier, we do not know what distribution the original 2004 order provided for any sale proceeds in excess of Husband's lien.