## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 24 2020, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Angela Field Trapp
Trapp Law LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Stephenie K. Gookins
Cate, Terry & Gookins LLC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Denny W. Zook,

*Appellant-Petitioner,*

v.

Jennifer E. Zook,

*Appellee-Respondent.*

March 24, 2020

Court of Appeals Case No.
19A-DN-1248

Appeal from the Hamilton Superior Court

The Honorable David Najjar, Special Judge

Trial Court Cause No.
29D05-1603-DR-1890

**Friedlander, Senior Judge.**

[1] Denny W. Zook ("Husband") appeals the trial court's order dissolving his marriage to Jennifer E. Zook ("Wife"). Husband contends that the trial court abused its discretion by denying his motion to correct error and requests to continue the hearing for final dissolution and for spousal maintenance. Finding no abuse of discretion by the trial court, we affirm.

[2] Husband and Wife were married on June 3, 2006. Husband filed a verified petition for dissolution of the parties' marriage on March 3, 2016. Numerous delays and continuances of the proceedings occurred, with some being attributed to Wife and others to Husband. During the three-year pendency of the parties' divorce proceedings, Husband was represented by three different attorneys and Wife by two different attorneys. On January 3, 2019, Husband's third attorney filed a motion to withdraw his appearance. In requesting permission to withdraw his appearance, Husband's counsel confirmed that Husband was aware that the final hearing was scheduled to commence on March 19, 2019. Husband did not retain new representation in the approximately two and one-half months between his counsel's withdrawal and the final hearing.

[3] The trial court conducted a telephonic conference with the parties on March 12, 2019. During this conference, the trial court questioned Husband about "whether he would be retaining counsel and confirm[ed] with Husband that the final hearing would proceed beginning on March 19, 2019." Appellee's App. Vol. II, p. 6. Husband did not request a continuance during this conference,

and the trial court informed the parties that it would not entertain any future requests for a continuance.

[4] The final dissolution hearing commenced as scheduled on March 19, 2019, with Wife appearing with counsel and Husband appearing pro se. At the beginning of the hearing, the trial court and Husband engaged in the following colloquy:

> THE COURT: Mr. Zook, are you ready to proceed here today?
>
> MR. ZOOK: I am not. Your Honor, I have, as I said in our ——
>
> THE COURT: Why are you not prepared to go to trial, sir?
>
> MR. ZOOK: I am not a pro se litigant, and I have been trying repeatedly to obtain counsel and I've not been able to do that. And when I say I've tried repeatedly, I can provide you with a list. I have not been able to do that.
>
> THE COURT: Well, sir, we had a conversation about a week ago in which I told you what was going to happen, didn't I?
>
> MR. ZOOK: You were clear that we had a trial scheduled, absolutely.
>
> THE COURT: [Wife's Counsel], are you ready to proceed?
>
> [Wife's Counsel]: I am.
>
> THE COURT: Then we will proceed.

Tr. Vol. 2, p. 8.  The trial court reiterated that it had considered Husband's oral request for a continuance but that the final hearing would proceed as scheduled. After addressing other preliminary matters, the trial court engaged Husband in the following colloquy:

> THE COURT:     All right.  Mr. Zook, would you like to make an opening statement or do you wish to proceed with evidence at this time?
>
> MR. ZOOK:     No, Your Honor.  I would just like to remind you that I am disabled, and I also have intervenors that were allowed into this matter that are present in the courtroom today with litigation that's been pending for eight years that's very critical to my future.  And there are reasons that, because I'm not pro se, that I can't go into or I don't feel I can go into that I'm not prepared and not able to bring forward to you today, for reasons that I don't have the attorney here present that I think that you would find very reasonable and understanding, but ——
>
> THE COURT:     Mr. Zook, you may or may not be disabled, I don't know, that evidence has not yet been presented.  It may be presented at some point during this time.  That is a different question than whether or not you have the capacity to go forward to trial.  You are not, and there has been no indication that has previously been made, that you are incapacitated and you are not able to go to trial.  That has not been presented to the Court at any time.  This matter has been set, this matter has been pending for three years.  This case, this trial date has been set since October of last year.  You have been, this matter has been set for final hearing several times before this date.  At each time something has happened to cause the matter to be continued. One side or the other, whichever wasn't moving, has objected at almost every turn to a continuance of whatever hearing.  When we set this matter, we said we were going to proceed and everybody needed to be ready to go forward.  When your

attorney withdrew, he warned you in his letter withdrawing that you needed to be prepared to go forward for trial at your trial date. When we had a conversation a week ago, I told you you had to be prepared to go forward for trial at your trial date. This is the trial date. If you are not prepared, that is not the fault of [Wife's Counsel], that is not the fault of your wife, and that is not the fault of the Court.

*Id.* at 10-11. During her presentation of the evidence, Wife requested an unequal distribution of the parties' assets in favor of Husband and acknowledged that Husband was receiving monthly social security and disability checks and that he would likely continue to do so "for the foreseeable future." *Id.* at 27. Husband did not provide any argument or evidence during the hearing.

[5] On March 20, 2019, the trial court entered an order dissolving the parties' marriage. In deviating from an equal distribution of the marital estate, the trial court found, in relevant part, as follows:

> The income of the parties and the income earning potential of the parties greatly favors the Wife in this case over the Husband. Therefore, the evidence is sufficient to overcome the presumption for a 50-50 distribution. The marital estate should be divided unequally in Husband's favor. . . . The property division submitted by Wife in this case gives nearly all the assets of the marriage to Husband with relatively small amount of debt, and allocates a relatively small amount of the assets to Wife with a large amount of the debt of the parties, resulting in a negative distribution to Wife and a positive distribution to Husband, or an unusually phrased 'more than 100% of the net estate' allocated to Husband.

Appellant's App. Vol. II, pp. 35, 36. Additionally, in denying Husband's request for spousal maintenance, the trial court found as follows:

> No evidence was presented by Husband regarding his disability. The Court finds there is evidence, testified to by Wife, that Husband is receiving income from Social Security and private disability insurance, and therefore, there is evidence that Husband is disabled, at least currently. The Court[, ]however, does not find this evidence is sufficient for an award of spousal maintenance, either rehabilitative or otherwise in this matter. The unequal distribution of the marital assets and liabilities should compensate Husband.

*Id.* at 37.

[6] On April 19, 2019, Husband filed a motion to correct error. In this motion, he claimed that the trial court abused its discretion by denying his requests to continue the final hearing and for spousal maintenance. The trial court denied Husband's motion to correct error on May 6, 2019. On appeal, Husband contends that the trial court abused its discretion by denying his motion to correct error and requests to continue the final hearing and for spousal maintenance.

## 1. Motion to Correct Error

[7] Husband contends that the trial court abused its discretion by denying his motion to correct error. "The trial court's decision on a motion to correct error comes to an appellate court cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its discretion."

*Page v. Page*, 849 N.E.2d 769, 771 (Ind. Ct. App. 2006). In reviewing the trial court's decision, "we look at the record to determine if: (a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant; or (c) a very strong case for relief from the trial court's order has been made by the appellant." *Id.* (internal quotation omitted).

[8] In his motion to correct error, Husband challenged the trial court's denial of his requests for a continuance and spousal maintenance. In support, Husband filed numerous documents relating to his alleged disability, all of which were available at the time of the final hearing. Despite their availability, none of these documents were filed in the trial court during the pendency of the divorce proceedings. Consequently, after the trial court determined that the documents were not properly before the court, the documents were stricken from the record and were not considered by the trial court in relation to the motion to correct error.[1] For the reasons discussed below, we agree with the trial court's determination that Husband was not entitled to a continuance of the final hearing or to an award of spousal maintenance. Husband, therefore, has failed to carry his burden of proving that the trial court abused its discretion in denying his motion to correct error.

---

[1] Husband included the stricken documents in the record on appeal. In an order issued simultaneously with this decision, we grant Wife's motion to strike these documents as they are not properly before the court. *See GKC Ind. Theatres, Inc. v. Elk Retail Inv'rs, LLC*, 764 N.E.2d 647, 651 (Ind. Ct. App. 2002) (stating well-established rule that we may not consider evidence or arguments not properly presented to trial court).

# 2. Continuance

Husband also contends that the trial court abused its discretion in denying his request for a continuance. "A trial court's decision to grant or deny a motion to continue a trial date is reviewed for an abuse of discretion, and there is a strong presumption the trial court properly exercised its discretion." *Gunashekar v. Grose*, 915 N.E.2d 953, 955 (Ind. 2009). "An abuse of discretion may be found in the denial of a motion for a continuance when the moving party has shown good cause for granting the motion." *Riggin v. Rea Riggin & Sons, Inc.*, 738 N.E.2d 292, 311 (Ind. Ct. App. 2000). "The withdrawal of counsel does not entitle a party to an automatic continuance." *Danner v. Danner*, 573 N.E.2d 934, 937 (Ind. Ct. App. 1991), *trans. denied* (1992). The moving party must show diligence in procuring counsel. *Fetner v. Maury Boyd & Assocs., Inc.*, 563 N.E.2d 1334 (Ind. Ct. App. 1990), *trans. denied* (1991).

Husband claims that he demonstrated good cause for the trial court to grant his request for a continuance, arguing that he was diligent in making numerous attempts to retain counsel. The record, however, lacks any evidence demonstrating that Husband was diligent in attempting to retain counsel in the approximately two and one-half months between his counsel's withdrawal and the final hearing. While Husband indicated that he could provide the court with a list of the attorneys he contacted, he did not actually provide this list to the trial court. Further, despite allegedly experiencing an ongoing difficulty in retaining counsel, Husband did not request a continuance due to his alleged ongoing difficulty during a telephonic conference with the court a week before

the scheduled hearing date. Instead, Husband waited until the start of the final hearing to verbally request a continuance. Given the complete lack of evidence in the record to show that Husband was diligent in attempting to procure counsel, we conclude that the trial court acted within its discretion when it denied Husband's oral request for a continuance. *See Fetner*, 563 N.E.2d 1334 (concluding that trial court did not abuse its discretion in denying Appellant's request for continuance given Appellant's lack of diligence during time immediately approaching trial coupled with deference due to trial court's decision on matter).

## 3. Spousal Maintenance

[11]   Husband also contends that the trial court abused its discretion in denying his request for spousal maintenance. In his dissolution petition, Husband claimed to be disabled, indicated that he had "not been in the workforce for many years," and sought "an award of disability maintenance." Appellant's App. Vol. II, pp. 40-41. A trial court may make an award of spousal maintenance "[i]f the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected[.]" Ind. Code § 31-15-7-2(1) (1997). "If the trial court makes that finding, it *may* order maintenance." *Campbell v. Campbell*, 118 N.E.3d 817, 819 (Ind. Ct. App. 2019), *trans. denied*. "Because such an award is designed to help provide for the incapacitated spouse's sustenance and support, the essential inquiry is whether the spouse can support [him]self." *Id.* "An award of incapacity maintenance is within the trial court's discretion." *Id.*

"The spouse seeking maintenance has the burden of proving that he or she is entitled to maintenance." *Lesley v. Lesley*, 6 N.E.3d 963, 967 (Ind. Ct. App. 2014).

[12] During the final hearing, Wife testified that Husband was receiving income from Social Security and private disability insurance. Husband, however, presented no other evidence relating to his claimed disability. The trial court concluded that despite Wife's testimony establishing that Husband was, at least temporarily disabled, the evidence was insufficient to support an award of spousal maintenance. Given the lack of evidence relating to the severity or perpetual nature of Husband's claimed disability, we cannot say that the trial court abused its discretion in concluding that Husband failed to meet his burden of proving that he should receive spousal maintenance. The trial court, therefore, did not abuse its discretion in denying Husband's claim for spousal maintenance.

[13] Judgment affirmed.

Najam, J., and Tavitas, J., concur.